The bill is filed for the appointment of a receiver pursuant to sections 65 and 66 of the Corporation act. Comp. Stat. p. 1640.
In order that the court may exercise the powers given it by the statute, it must appear that the defendant is a corporation. It need not be a corporation de jure but may be one de facto.McCarter v. Ketchem, 72 N.J. Law 247, instances the appointment of a statutory receiver for a de facto corporation. The bill before me states that the defendant, Fashion Piece Dye Works, is an alleged corporation *Page 484 
of the State of New Jersey; that its certificate of incorporation was filed in the county clerk's office June 2d 1934, but has not been filed in the secretary of state's office as required by law; that on July 14th, 1934, one Joseph J. Carroll entered into a contract with one of the complainants, Gallant, whereby he agreed to transfer a certain lease "to a corporation to be known as Fashion Piece Dye Works," and Gallant agreed to help finance the corporation. It was thereby further agreed that, "immediately after the performance of the covenants and conditions herein set forth, a reorganization of the directorate and officers of the Fashion Piece Dye Works is to be held." The bill further states that on July 16th Fashion Piece Dye Works, acting through Carroll as its president, employed complainants to act as salesmen; that on August 9th Carroll admitted that the Dye Works had not had a meeting of directors to elect officers; that Carroll made a practice of endorsing the name Fashion Piece Dye Works on checks so drawn and depositing them in his personal account.
These allegations do not show the existence of a corporation. To establish the existence of a de facto corporation, it must be shown: That there is a law under which a corporation with the powers assumed might be incorporated; that there has been a bonafide attempt to organize a corporation in the manner prescribed by the statute, and that there has been an actual exercise of corporate powers. Stout v. Zulick, 48 N.J. Law 599; Frawley
v. Tenafly Transportation Co., 95 N.J. Law 405; ParagonDistributing Corp. v. Paragon Laboratories, Inc., 99 N.J. Eq. 224.
On the other hand, where there is merely an intention existing in the minds of certain parties to form a corporation but they have not put their purpose into operation, no de facto
corporation exists. Federal Advertising Corp. v. Hundertmark,109 N.J. Law 12. The bill shows that no de jure corporation existed and it fails to show a bona fide attempt to organize a corporation.
Counsel appeared for the alleged corporation and fully admitted its existence. This is not surprising, for if there is no corporation Carroll is personally liable for the debts *Page 485 
created by him in the name of the Dye Works. This admission does not, as it seems to me, justify the court in assuming the existence of the corporation, in face of the facts recited and which are uncontradicted, and in the absence of proof of other facts which might help spell out a de facto corporation.
However, I will not rest my decision solely on the one point. Complainants allege that they are creditors to the extent of $458 but they do not show how the debt arose. Defendant presents an affidavit of Carroll denying that anything is owing to complainants. This issue must be decided in favor of the defendant. Complainants also allege that they have guaranteed the accounts of the Dye Works with half a dozen supply houses in various amounts up to $2,000. They do not claim that they have been called upon to make any payments on account of their guarantees.
The statute requires a bill of this character to be filed either by a stockholder or by a creditor. "It is settled," said Vice-Chancellor Stevenson, "that the word `creditor' is not used in our statute in a narrow technical sense. It is used in a broad sense and I think it is safe to say that the general intention is that if a party is so related to the corporation and its assets as to be entitled to a share of what is divided among creditors — if the party can come into the proceedings as a claimant and prove his claim so as to be entitled to a dividend — it must be generally sure that he is qualified as a creditor to institute the proceedings which result in the distribution of the assets in part to himself." Gallagher v. Asphalt Co., of America,65 N.J. Law 258. The same judge in Hoopes v. Basic Co., 69 N.J. Eq. 679,
suggested one modification to the statement of the rule in the earlier case, namely, "the party who claims to be a creditor so as to be entitled to institute this action must, I think, at the time he comes into court with his bill, be a creditor, as distinguished from being merely entitled to become a creditor, by the proof of a claim for damages. * * * Of course, a man who has a claim for damages for a tort cannot meet that test." See, also, Allen v. Distilling Co. of America, 87 *Page 486 N.J. Eq. 531. A guarantor is not a creditor within the above definition until he pays the debt which he has guaranteed. Until then, though he may prove a claim in the name of the creditor, he is not entitled to a dividend. Delaware, Lackawanna and WesternRailroad v. Oxford Iron Co., 38 N.J. Eq. 151; Nutz v.Murray-Nutz, Inc., 109 N.J. Eq. 95. In bankruptcy, also, a surety who has not paid the debt cannot be one of the petitioners for an adjudication against the principal. 7 C.J. 70. Upon payment, a guarantor is subrogated to the creditor's right to a dividend and acquires the status which qualifies him to sue for a receiver. Complainants do not come within the class of those who can maintain the statutory bill.
Lastly, the proofs indicate that the defendant is not insolvent. The bill will be dismissed. *Page 487