THE STANTON BREWERY, INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 15396. Promulgated September 22, 1948.

*Elden McFarland, Esq.*, and *George A. Donohue, Esq.*, for the petitioner.

*Thomas R. Wickersham, Esq.*, for the respondent.

OPINION.

OPPER, *Judge*: A deficiency for the year 1942 in excess profits tax of $22,153.38 was originally placed wholly in issue by this proceeding. Two issues have now, however, been eliminated by mutual concessions, and what remains is a question as to the construction of section 742, Internal Revenue Code, said by the parties to be a matter of first impression.

All of the facts have been stipulated, and we find them accordingly. Petitioner, a New York corporation which filed the return here involved with the collector for the fourteenth New York district, merged with a wholly owned subsidiary on December 31, 1941, under section 85 of the New York Stock Corporation Law.

Petitioner had not filed an excess profits tax return for the year 1940, but had filed a personal holding company return and a corporation income tax return (Form 1120). The excess profits net income of petitioner for the year 1941 and of its subsidiary for the years 1940 and 1941, was:

|  | 1940 | 1941 |
|---|---|---|
| Petitioner |  | $11,306.71 |
| Subsidiary | $113,855.42 | 100,816.55 |
| Total | 113,855.42 | 112,123.26 |

Petitioner's net income for 1940 was $77,076.55, including dividends of $69,000 from the subsidiary.

Petitioner's claim for excess profits credit carry-over from 1940 and 1941 is as follows:

```
1940 Credit (both corporations) _____ $156,508.19
1940 Excess profits net income:
        Parent _____ $8,076.55
        Subsidiary _____ 113,855.42      121,931.97
                                                                _____
1940 Credit carry-over _____              34,576.22
1941 Credit (both corporations) _____     156,508.19
1941 Excess profits net income:
        Parent _____ 11,306.71
        Subsidiary _____ 100,816.55       112,123.26
                                                                _____
1941 Credit carry-over _____              44,384.93
Total 1940 and 1941 credit carry-over _____  78,961.15
```

In the notice of deficiency, respondent credited petitioner with an excess profits credit for the year 1942 of $156,508.19, based upon 95 per cent of the average base period net income, including that of its subsidiary for the base period years 1936 to 1939, inclusive, of $164,-745.46, stipulated by the parties to be the correct figure. He did not, however, allow any excess profits credit carry-over from 1940 or 1941.

On the sole contested issue, the parties are in agreement that petitioner and the wholly owned subsidiary with which it merged are respectively "acquiring" and "component" corporations under section 740, Internal Revenue Code,[1] and hence governed by the provisions of

---

[1] SEC. 740. DEFINITIONS.

For the purposes of this Supplement—

(a) ACQUIRING CORPORATION.—The term "acquiring corporation" means—

\*          \*          \*          \*          \*          \*          \*

(3) A corporation the result of a statutory merger of two or more corporations; or

\*          \*          \*          \*          \*          \*          \*

(b) COMPONENT CORPORATION.—The term "component corporation" means—

\*          \*          \*          \*          \*          \*          \*

(3) In the case of a statutory merger, all corporations merged, except the corporation resulting from the merger; or

\*          \*          \*          \*          \*          \*          \*

section 742, which in effect combines the history of the two corporations for certain purposes.[2]    The controversy is as to the scope of this section in its effect on petitioner's excess profits tax liability for 1942, the first year after the merger.

Petitioner insists that section 742 permits it to deduct an excess profits credit carry-over from 1940, computed by treating the excess profits tax liability of the two corporations for that year as though petitioner itself had then enjoyed and reported the joint income of both. Respondent denies this, contending in effect that section 742 was designed to apply to the computation of base period income only, and not to the excess profits credit carry-over.    We think the answer is furnished by the clear language of the statute itself.

Section 742, which is the special exception under which petitioner claims the contested credit, refers only to the computation of "average base period net income."    As if to make this unmistakable, this is said to be "for the purpose of the credit under section 713."    The amount of the "base period net income" is to be that computed under section 713, or, if greater—and this is the meat of the whole provision—as to an "acquiring corporation" and "with respect to each of its *base period years*," its "*and each of its component corporation's* excess profits net income" for "taxable years beginning with or within *such base period year*."    (Emphasis added.)

Bearing in mind that section 713 deals, for our purposes, only with the credit for base period income, and that it is section 710 which, in subsection (b) (2), grants that credit, and also, in subsection

---

[2] SEC. 742. • • •

In the case of a taxpayer which is an acquiring corporation, its average base period net income (for the purpose of the credit computed under section 713) shall be the amount computed under section 713 or the amount of its Supplement A average base period net income, whichever is the greater.    The Supplement A average base period net income shall be the amount computed without regard to subsection (h) of this section or computed under subsection (h) of this section, whichever is the greater.    The Supplement A average base period net income shall be computed as follows :

(a) By ascertaining with respect to each of its base period years—

(1) The amount of its and each of its component corporation's excess profits net income for each of its and such component corporation's taxable years beginning with or within such base period year ; • • •

(2) (A) The aggregate of the amounts of excess-profits net income ascertained under paragraph (1) ; • • •

(b) By adding the plus amounts ascertained under subsection (a) (2) for each year of the base period ; • • •

•        •        •        •        •        •        •

(c) By dividing the amount ascertained under subsection (b) by four.

•        •        •        •        •        •        •

(h) INCREASED EARNINGS IN LAST HALF OF BASE PERIOD.—

(1) GENERAL RULE.—The Supplement A average base period net income determined under this subsection shall be computed by ascertaining for each half of the base period the sum of the plus amounts determined under subsection (a) • • •.    If the amount ascertained for the second half exceeds the amount ascertained for the first half, the Supplement A average base period net income shall be the sum, divided by two, of the amount so ascertained for the second half plus one-half of such excess, except that it shall not exceed the largest plus amount determined under subsection (a) with respect to any base period year.

•        •        •        •        •        •        •

(b) (3), grants the entirely different "unused excess profits credit" carried over from other excess profits tax years[3] as described[4] in section 710 (c), the intention to refer in section 742 only to the base period income credit seems to us inescapable.

This is borne out by the explanation of the provision in the report of the Committee on Ways and Means (Ways and Means Committee Rept. No. 2894, 76th Cong., 3d sess., p. 13) :

A domestic corporation which was in existence at the beginning of the base period and which is thereby entitled to elect to compute its excess-profits credit under section 713 by virtue of the provisions of section 712, if it does elect to compute such credit under section 713, is permitted to add to its excess-profits net income for the years in the base period the excess-profits net incomes of corporations which it absorbs by a statutory merger or by liquidation under section 112 (b) (6), where such merged or liquidated corporation was in existence at the beginning of the base period or had predecessors in existence on such date.

It is also fortified by the passage of Public Law 189, 80th Congress, approved July 15, 1947, by which railroad corporations only are permitted to carry over unused excess profits credits of predecessor corporations, in connection with which the Ways and Means Committee reported (Ways and Means Committee Rept. No. 624, 80th Cong., 1st sess., p. 1) :

Under existing law, if a railroad corporation is reorganized in a receivership proceeding or in a proceeding under section 77 of the National Bankruptcy Act, as amended, and the reorganization is effected through the organization of a new corporation, any carry-overs of net operating losses or unused excess profits credits of the old corporation cannot be used by the new corporation. * * *

---

[3] SEC. 710. * * *

\* \* \* \* \*

(b) DEFINITION OF ADJUSTED EXCESS PROFITS NET INCOME.—As used in this section, the term "adjusted excess profits net income" in the case of any taxable year means the excess profits net income (as defined in section 711) minus the sum of :

\* \* \* \* \*

(2) EXCESS PROFITS CREDIT.—The amount of the excess profits credit allowed under section 712 ; and

(3) UNUSED EXCESS PROFITS CREDIT.—The amount of the unused excess profits credit adjustment for the taxable year, computed in accordance with subsection (c).

SEC. 712. EXCESS PROFITS CREDIT—ALLOWANCE.

(a) DOMESTIC CORPORATIONS.—* * * The excess profits credit for any taxable year shall be an amount computed under section 713 or section 714, whichever amount results in the lesser tax * * *.

[4] SEC. 710. * * *

\* \* \* \* \*

(c) UNUSED EXCESS PROFITS CREDIT ADJUSTMENT.—

(1) COMPUTATION OF UNUSED EXCESS PROFITS CREDIT ADJUSTMENT.—The unused excess profits credit adjustment for any taxable year shall be the aggregate of the unused excess profits credit carry-overs and unused excess profits credit carry-backs to such taxable year.

(2) DEFINITION OF UNUSED EXCESS PROFITS CREDIT.—The term "unused excess profits credit" means the excess, if any, of the excess profits credit for any taxable year beginning after December 31, 1939, over the excess profits net income for such taxable year, computed on the basis of the excess profits credit applicable to such taxable year. For such purpose the excess profits credit and the excess profits net income for any taxable year beginning in 1940 shall be computed under the law applicable to taxable years beginning in 1941. * * *

In the absence of section 742, it seems clear that an unused excess profits credit, like a previous year's net loss of one corporation, could not be availed of by another, even though it was the successor to the former's business. *New Colonial Ice Co.* v. *Helvering*, 292 U. S. 435. Since, for the reasons given, we take the view that section 742 has no application to excess profits credit carry-overs, we are satisfied that it does not grant petitioner the privilege it claims, and that respondent, having allowed petitioner the full extent of the benefit conferred by that section by including the subsidiary's income in computing petitioner's base period income credit, correctly determined the deficiency in this respect.

Reviewed by the Court.

*Decision will be entered under Rule 50.*