*Decision will be entered under Rule 50.*

ELECTRONIC MECHANICS, INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 18899. Promulgated October 10, 1950.

*Sydney A. Gutkin, Esq.,* and *David Beck, Esq.,* for the petitioner.
*Stanley W. Herzfeld, Esq.,* for the respondent.

---

494

OPINION.

OPPER, *Judge:* We are met at the threshold by a question said to be of first impression: Whether petitioner, not having existed for 12 months, could possibly avail itself of the relief accorded by section 721 (a) (2) (C) for research and development "extending over a period of more than 12 months." [1]  Respondent's regulations expressly require that the research and development "must be that of the taxpayer." [2] Petitioner attacks the regulation as being arbitrary and invalid. We find it, however, to be firmly buttressed upon the legislative history. [3] For that reason if for no other, we view it as applicable here. The New York corporation to whose property petitioner succeeded may not have been its "predecessor" although to us that appears the most apt description of their relationship. See, e. g., *Lorillard Co.* v. *Peper*, 65 Fed.

[1] SEC. 721. * * *

(a) DEFINITIONS.—For the purposes of this section—

* * * * * * *

(2) SEPARATE CLASSES OF INCOME.—Each of the following subparagraphs shall be held to describe a separate class of income:

* * * * * * *

(C) Income resulting from exploration, discovery. prospecting, research, or development of tangible property, patents, formulae, or processes, or any combination of the foregoing, extending over a period of more than 12 months; or

* * * * * * *

[2] REGULATIONS 112.

Sec. 35.721–7. Exploration, discovery, prospecting, research, or development.—The second class of potentially abnormal income specifically set forth in section 721 (a) (2) is income resulting from exploration, discovery, prospecting. research, or development of tangible property (such as mines, oil producing property, and timber tracts), patents, formulae, or processes, or any combination thereof, extending over a period of more than 12 months. The exploration, discovery, prospecting, research, or development must be that of the taxpayer. Income resulting from activities of such a character carried on by a predecessor is not entitled to the treatment provided in section 721.

[3] "Section 721 (a) of the Senate amendment was designed to provide relief in the case of * * * (3) Income resulting from the exploration, discovery. prospecting, research, or development of tangible property, patents, formulas, or processes, or any combination thereof, by the taxpayer *or any of its predecessors,* providing that such exploration, etc., extended over a period of more than one year; * * * the conference agreement retains section 721 with the following modifications: (1) The item relative to income resulting from explorations. etc., has been rewritten. The exploration, etc., from which the income is derived *must be the taxpayer's own exploration. Income resulting from activities of such a character carried on by a predecessor corporation is not entitled to the treatment provided in section 721."* (H. Rept. No. 3002, 76th Cong., 3rd Sess., pp. 50, 51; 1940–2 C. B. 556): [Emphasis added].

597, 598. But, if not, it was still a separate corporation and if the research and development was carried on by it, it could not have been the activity of petitioner.

Nor can we agree that petitioner existed de facto, although not de jure, prior to its formal incorporation. Not only was the business carried on for several years—though without the necessary qualifying certificate—by and under the name of the New York corporation, and not by any purported New Jersey organization, but there is no adequate showing that between the dissolution of the New York corporation and the organization of petitioner the individuals who conducted the business attempted in any respect to be carrying on a corporate venture. The necessary prerequisites for treatment as a de facto corporation under New Jersey law hence fail to appear from this record.[4] And this is not a case of the merger of two corporations of whose existence it can be said there is thus an uninterrupted continuation. Cf. *Stanton Brewery, Inc.* v. *Commissioner* (CA-2), 176 Fed. (2d) 573, reversing 11 T. C. 310. We conclude that petitioner did not engage in research and development for a period of more than 12 months, and hence that it could under no circumstances be entitled to relief under section 721 (a) (2) (C).

Reviewed by the Special Division.

*Decision will be entered for the respondent.*

---

[4] "* * * To establish the existence of a de facto corporation it must be shown: That there is a law under which a corporation with the powers assumed might be incorporated: that there has been a bona fide attempt to organize a corporation in the manner prescribed by the statute, and that there has been actual exercise of corporate powers. * * * On the other hand, where there is merely an intention existing in the minds of certain parties to form a corporation but they have not put their purpose into operation, no de facto corporation exists. *Federal Advertising Corp.* v. *Hundertmark*, 109 N. J. Law, 12, 160 A 40. * * *" (*Gallant et al.* v. *Fashion Piece Dye Works*, 116 N. J. Eq. 483, 174 A. 248, 249).