E. & J. Gallo Winery, a corporation v. Commissioner.
E. & J. Gallo Winery v. Commissioner
Docket No. 22560.
United States Tax Court
1953 Tax Ct. Memo LEXIS 289; 12 T.C.M. (CCH) 414; T.C.M. (RIA) 53131; April 17, 1953
William D. McKee, Esq., for the petitioner. R. G. Harless, Esq., for the respondent. TURNER Memorandum Opinion TURNER, Judge: Respondent determined deficiencies in excess profits tax against petitioner for the fiscal years ended April 30, 1945, and April 30, 1946, in the respective amounts of $58,140.35 and $93,728.50; and he has also determined overassessments in income tax for the same taxable years in the respective amounts of $741.66 and $29,285.78. The pleadings raised several issues but the parties have adjusted them by stipulation and originally agreed that only two issues were to be submitted for decision, as follows: (1) Whether petitioner is entitled to carry over into its taxable year ended April 30, 1946, any unused excess profits credit of its submerged component, Valley Agricultural *290 Company, arising out of the latter's taxable year ended December 18, 1945; and (2) whether capital stock taxes are deductible in the taxable year in which the capital stock tax year ends. The second issue is now conceded by the respondent on authority of TennesseeConsolidated Coal Co., 15 T.C. 424, and effect will be given to that concession in recomputation under Rule 50. The facts have been stipulated and are found as stipulated. Petitioner is a corporation and has its principal place of business in Modesto, California. It filed its various tax returns for the periods involved with the collector of internal revenue for the first district of California. Petitioner was incorporated under the laws of the state of California on May 28, 1942, under the name of Gallo Tank Lines, to engage in the railroad tank car business. After engaging in that business for approximately one year, it sold all of its tank cars and ceased to engage in any business until 1944. On March 9, 1944, petitioner amended its Articles of Incorporation so as to substitute its present name for Gallo Tank Lines and to authorize it to engage in the winery business. On May 1, 1944, E. & J. Gallo Winery, *291 a copartnership composed of Ernest Gallo and Julio R. Gallo, conveyed the winery business formerly conducted by the copartnership to petitioner, and petitioner assumed the liabilities of the copartnership. Petitioner has since engaged in the winery business. On December 19, 1945, by proceedings duly had and taken in accordance with section 361 of the California Civil Code, Valley Agricultural Company was merged with and into petitioner. Pursuant to that section, an agreement for the merger was approved by the board of directors of each of the two corporations on November 7, 1945. The execution of the merger agreement was delayed until the following month, pending the result of a hearing by the commissioner of corporations of the state of California on the fairness of the terms and conditions thereof. The commissioner of corporations approved the terms and conditions on December 7, 1945, and the merger was effected on December 19, 1945. Valley Agricultural Company was incorporated under the laws of the state of California on March 6, 1926. Immediately prior to the merger, the Valley Agricultural Company had issued and outstanding 21,548 shares of its capital stock, all of one class. *292 Of the 21,548 shares, 13,576 shares were held as follows: No. of
Dates of
Name
shares
acquisition
Petitioner
16
After July 7, 1943
Ernest Gallo
3536
2736 shares on July 7, 1943 and
800 shares thereafter
Julio R. Gallo
3717
2736 shares on July 7, 1943 and
981 shares thereafter
Aileen Gallo
2736
July 7, 1943
Amelia Gallo
2736
July 7, 1943
Joseph Edward Gallo
655
After July 7, 1943
Joe Ernest Gallo
90
After July 7, 1943
David Ernest Gallo
90
After July 7, 1943 The remaining 7972 shares were distributed among 480 other shareholders. Immediately prior to the merger petitioner had issued and outstanding 1600 shares of its capital stock, all of which were of a single class. The 1600 shares were then, and since their original issuance in 1942 had been, beneficially owned by Ernest Gallo and Julio R. Gallo. The excess profits credit of Valley Agricultural Company for its last taxable year, beginning January 1, 1945 and ending December 18, 1945, was $169,478.26. Its excess profits net income for the same taxable year was $102,777.22, and after annualization in accordance with Regulations 112, section 35.710-3, the annual net income *293 for the year totaled $106,572.97. Accordingly, the unused excess profits credit of Valley Agricultural Company for its last taxable year was $60,664.83. Petitioner has relied primarily upon Stanton Brewery, Inc. v. Commissioner, 176 Fed. (2d) 573, reversing 11 T.C. 310, as determinative of the issue. Since the hearing of this matter this Court has again determined the same question for the Government in California Casket Co., 19 T.C. 32, wherein it adhered to the position it had taken in the Stanton case. We regard what we said in those cases as the correct interpretation and application of the statute and on the basis thereof hold for the respondent. In passing it may be noted that Valley Agricultural Company was not a whollyowned subsidiary of petitioner, and further, that the taxable years of the two corporations were different. On the basis particularly of the difference in accounting periods, the respondent has advanced an argument that in any event the reversal of the Stanton case would not be controlling here, as petitioner contends. For the reasons already expressed, however, it is not necessary to pass upon the merits of respondent's *294 argument. Decision will be entered under Rule 50.