**UNITED STATES of America, Plaintiff-Appellee,**

v.

**INDIAN HILL FARM, Inc., Defendant-Appellant.**

**No. 368, Docket 25042.**

United States Court of Appeals Second Circuit.

Argued April 29, 1958.

Decided May 12, 1958.

---

Abraham L. Wax, New York City, for defendant-appellant.

Robert Kirtland, Asst. U. S. Atty., S.D. N.Y., New York City (Paul W. Williams, U. S. Atty., New York City, on the brief), for plaintiff-appellee.

Before CLARK, Chief Judge, and HINCKS and STEWART, Circuit Judges.

PER CURIAM.

The appellant, a New Jersey corporation, held title to premises in New York State upon which an illegal still was discovered. It was convicted, with individual defendants, of substantive and conspiracy counts of violating the Alcohol Tax Laws and received fines and penalties totaling $22,500. We affirmed the conviction of the individual defendants, United States v. Chieppa, 2 Cir., 241 F.2d 635, and the Supreme Court denied certiorari, Ivicola v. United States, 353 U. S. 973, 77 S.Ct. 1057, 1 L.Ed.2d 1136. Appellant moved for a reduction of its sentence, but the motion was denied. United States v. Chieppa, D.C.S.D.N.Y., 146 F.Supp. 268. It then moved that its conviction be vacated and a new trial granted on the basis of newly discovered evidence, *viz.*, that before the events here involved its charter had been declared forfeited by proclamation of the Governor of New Jersey for nonpayment of state taxes. It appeals from the denial of this motion.

Appellant's argument is an anomalous one to the effect that a corporation can immunize itself from federal criminal liability by the simple expedient of illegal conduct in failing to honor its tax obligations to the state of its domicile. There would appear to be several answers. This is not properly evidence newly discovered under the tests stated in, e. g., United States v. On Lee, 2 Cir., 201 F.2d 722, certiorari denied On Lee v. United States, 345 U.S. 936, 73 S.Ct. 798, 97 L.Ed. 1364. Under N.J.Rev.Stat. § 14:13-4, a dissolved corporation is continued as a body corporate for the purpose of prosecuting and defending suits by and against it; and under id. § 14:13-14 it is continued as a body corporate for the purpose of defending any action or legal proceeding commenced in any court of the state against it. A wide variety of instances indicates that this continued power is broad enough to encompass this proceeding. See, in addition to various state decisions, the following federal cases as illustrative. Held v. Crosthwaite, 2 Cir., 260 F. 613; Groom v. Mortimer Land Co., 5 Cir., 192 F. 849, certiorari denied 225 U.S. 700, 32 S.Ct. 835, 56 L.Ed. 1264; Harris-Woodbury Lumber Co. v. Coffin, C.C.W.D.N.C., 179 F. 257, 264, affirmed 4 Cir., 187 F. 1005; Watts v. Vanderbilt, 2 Cir., 45 F.2d 968. Other statutory provisions authorize reinstatement of the corporation upon payment of the taxes, N.J.Rev.Stat. § 54:11-

5, but prohibit dissolution until all its taxes are paid. Id. § 54:10A–12. Thus corporations whose charters are forfeited for nonpayment of taxes "are not dead," but "merely sleep"; they are only "in a state of coma" from which they may be revived. Reade v. Broadway Theatre Co. of Long Branch, 99 N.J.Eq. 282, 132 A. 477, 480. We conclude that the coma is not deep enough to permit of the avoidance of criminal sanctions thus easily.

Affirmed.