FEDERAL ADVERTISING CORPORATION, RESPONDENT, v. DAVID M. HUNDERTMARK, WILLIAM H. KORN AND EDWIN ALSBERG, INDIVIDUALLY AND AS PARTNERS, TRADING AS HOME ELECTRIC PRODUCTS, INCORPORATED, APPELLANTS.

Submitted January 29, 1932—Decided April 26, 1932.

Before Justices CAMPBELL, LLOYD and BODINE.

For the appellants, *Robert H. Cunningham.*

For the respondent, *Richenaker & Ford* (*William Henig,* of counsel).

The opinion of the court was delivered by

LLOYD, J. This action was to recover the price of an electric sign painted by the plaintiff upon an order signed Home Electric Products, Incorporated, by D. M. Hundertmark, treasurer. From the agreed state of the case it appears that the plaintiff's salesman negotiated with the two defendants Alsberg and Hundertmark, for the sign and a written contract was thereupon entered into between the plaintiff and what purported to be the Home Electric Products, Incorporated, on June 12th, 1930. There was no such corporation and never had been. Plaintiff, however, obtained a judgment against Home Electric Products, Incorporated, and failing of course to realize thereby, brought the present action.

Two defenses were set up: (1) that the purported corporation alone was liable, and (2) that in any event proceeding to judgment against such a body, the plaintiff was estopped from pursuing the defendants individually. The trial judge held adversely to the defendants on both these contentions and we think rightly.

There is abundance of authority holding that a contract with an imperfectly organized corporation cannot be made the basis of holding the individual incorporators liable. There is also authority that if proceedings to judgment are effected against the corporation the individual incorporators are not liable. All such non-liability, however, is predicated upon the fact that there is a *de facto* corporation and that the defendants are the incorporators or stockholders. Such is not the case here. The agreed facts establish only that on June, 9th, 1930, three gentlemen, the present defendants and one Korn, met their attorney and had a conference concerning the formation of a corporation to engage in a certain

business. At the conference it was decided that a corporation should be formed and that it should be named the Home Electric Products, Incorporated, and all of the necessary matters pertaining to the organization of the corporation were agreed upon. Counsel wrote to the secretary of state asking if the name would be objectionable and received reply in the negative. Nothing further was done toward the incorporation of the corporation until June 16th when a certificate of incorporation was executed and the next day recorded in the clerk's office of Burlington county and forwarded to the secretary of state. The following day the secretary returned it with the statement that the name was too similar to that of another corporation. Whereupon two weeks later a new certificate of incorporation was executed and sent to the secretary of state in which the name Majestic Electric Products was used.

In this situation it seems to us that neither question that appeared formidable to the trial judge was really in the case. When the authority to make the sign was given there was no corporation in existence, there was no certificate of the incorporation executed, simply a purpose existing in the minds of the defendants to effect such a corporation. It was not, therefore, an imperfectly organized corporation; it was not a corporation of any kind; there were no incorporators; no stockholders. When, therefore, the defendants authorized the sign and used the Home Electric Products, Incorporated, as a name, they in effect were constituting themselves agents of a non-existing principal and became personally liable.

Nor did the suit against the Home Electric Products, Incorporated, constitute an estoppel. Plaintiff had been led to believe by the defendants that there was a corporation of such name and it had a right to rely upon that fact until the contrary was known. A suit against the supposed corporation under these circumstances would certainly not estop the plaintiff from proceeding against the parties who had led it to believe that a corporation actually existed. The cases which hold an estoppel have no application to such a situation as this.

The judgment is affirmed, with costs.