## CAMPBELL *v.* RUKAMP.

1. CORPORATIONS—PROPOSED CORPORATION MAY NOT EXERCISE CORPORATE POWERS.

Proposed association, which never reached the stage of being *de jure* or *de facto* corporation, may not exercise any corporate powers, assert corporate rights, or assume corporate liabilities.

2. SAME—WHEN PROMOTERS LIABLE.

Individual assuming to act as corporation and contracting as such, where there is no corporation either *de jure* or *de facto*, is individually liable, and liability also attaches to all stockholders or members of said nonexisting corporation who expressly or impliedly authorize such contracts.

3. PARTNERSHIP—CORPORATIONS—WHEN PROMOTERS LIABLE AS PARTNERS.

Persons who subscribed for stock and advanced money to transact business before incorporation are liable, as partners, to creditors, although not sustaining the relation of partners between themselves.

4. SAME—WHEN NO LIABILITY ATTACHES.

Corporation subscribing for stock in proposed corporation which was never incorporated, but advancing no money, is not liable as partner to creditors of proposed corporation.

On partnership liability of stockholders in case of defective or illegal incorporation, see annotation in 17 L. R. A. 549, 554; L. R. A. 1916C, 196.

Appeal from Genesee; Gadola (Paul V.), J. Submitted June 14, 1932. (Docket No. 124, Calendar No. 36,583.) Decided September 16, 1932.

Bill by Archie R. Campbell and others against Cornelius A. Rukamp, Associated Foundry & Machine Company, and Alex Olafsson to determine rights under a stock subscription agreement and enjoin foreclosure of a chattel mortgage. Cross-bill by defendant Olafsson to foreclose chattel mortgage and hold plaintiffs liable. Decree for plaintiffs. Defendant Olafsson appeals. Reversed, except as to plaintiff Flint Scrap Iron & Metal Company.

*Lebster & Weiss,* for plaintiffs.

*Philip Elliott* and *Charles D. Beagle* (*C. J. Lynch,* of counsel), for defendant Olafsson.

Wiest, J. Defendant Rukamp, as promoter, proposed the organization of a corporation to be known as the Associated Foundry & Machine Company. Plaintiffs subscribed for stock therein. Rukamp, in the name of the proposed corporation, purchased the equipment and plant of the Industrial Foundry & Brass Works, assumed the obligation of that company to the Commercial State & Savings Bank of Fenton, and gave a chattel mortgage in the name of the proposed corporation to defendant Olafsson, as trustee, to secure payment of the assumed obligation. The proposed corporation was never organized; articles of incorporation were not signed, nor were meetings of the stockholders held. Olafsson gave notice of sale under the chattel mortgage, together with notice of intention to hold the subscribers to the capital stock of the proposed corporation liable

as copartners for any deficiency. Plaintiffs, stock subscribers, thereupon filed the bill herein to have their rights determined, and, upon hearing, the court held them not liable as partners. Defendant Olafsson appealed.

There was no corporation, either *de jure* or *de facto*. The purchase contract, under which the equipment of the Industrial Foundry & Brass Works was acquired and its obligation assumed, stated that:

"This agreement to be binding when ratified by the Associated Foundry & Machine (Company) at a meeting of the board of directors of said company."

Rukamp took possession of the purchased equipment and operated a foundry business, expecting to develop that business to the point that, when it was turned in to the proposed corporation, its value as an asset would be materially increased and the subscribers to stock, who had paid one-half of the face value thereof to enable the purchase to be made, or the foundry operated, would be entitled to their full stock without paying anything more.

The course pursued by the subscribers was unusual and best explained by the promoter as follows:

"I was the original promoter of this company. The plaintiffs had quite a friendly spirit toward me, and advanced me money in connection with it. I had a verbal agreement with them that I was to go ahead with the business and later buy a lot of property and they were to put $500 in and get stock to the amount of $1,000, we had a verbal agreement to that effect. By reason of their putting up the money they were to get that amount of stock, because of the increased assets, and any profit on that increase would go to them, and we were holding ourselves out as the Associated Foundry & Machine Company, and they were in it with me at that time."

The business was carried on under the name of the Associated Foundry & Machine Company. This proposed association, never having reached the stage of being a *de jure* or *de facto* corporation, could not exercise any corporate powers, assert corporate rights, or assume corporate liabilities.

The law is well settled that:

"If a single individual assumes to act as a corporation and to contract as such, where there is no corporation either *de jure* or *de facto*, he will be individually liable on the contract; and individual liability will also attach to all of the stockholders or members of a pretended but nonexisting corporation on contracts entered into in its name if they have expressly or impliedly authorized the contract." 14 C. J. p. 200.

Mechem, Elements of Partnership (2d Ed.), § 29, states the rule applicable here:

"Promoters of corporations are not, as such, partners. Though engaged in endeavoring to secure the organization of a company to carry on business for pecuniary profit, their immediate object is not the transaction of business for mutual gain, and they do not fall within the definition or the purposes of partnership.

"Nevertheless, if they carry on a business as incident to the organization, or if they launch and conduct the business before the corporation is organized, or if they conduct the business without ever bringing even a *de facto* corporation into existence, they will usually be liable as partners."

Had the proposed corporation been duly organized and the mentioned purchase contract ratified, then plaintiffs could not be held as partners, but, without incorporation, under the circumstances we have mentioned, the plaintiffs, who subscribed for

stock and advanced money to transact business before incorporation, are liable, as partners, to creditors, although not sustaining the relation of partners between themselves.

The Flint Scrap Iron & Metal Company subscribed for stock, but advanced no money, and is not held to have become a partner.

The decree in the circuit court is reversed, except as to the Flint Scrap Iron & Metal Company, and a decree will be entered in this court under the cross-bill of defendant Olafsson, holding the other plaintiffs liable, as partners, for any deficiency upon foreclosure of the mentioned chattel mortgage.

Defendant Olafsson will recover costs against the plaintiffs adjudged liable, and the Flint Scrap Iron & Metal Company will recover its costs against defendant Olafsson.

CLARK, C. J., and McDONALD, POTTER, SHARPE, NORTH, FEAD, and BUTZEL, JJ., concurred.