STUDERUS OIL COMPANY, APPELLANT, v. GEORGE I. BIENFANG ET AL., RESPONDENTS.

Submitted January 17, 1939—Decided March 11, 1939.

Before Justices TRENCHARD, PARKER and PERSKIE.

For the appellant, *Sher & Sher* (*Sydney Sher*, of counsel).

The opinion of the court was delivered by

PARKER, J. The case was submitted on briefs at the present term, but we find no brief for the respondents. A

state of the case was agreed on and signed by attorneys on both sides, and approved by the trial court. The pertinent facts are that the defendants had been officers and directors of a corporation of this state called Stephens Sales Corporation; that franchise taxes of that corporation were in default, and on January 21st, 1936, the governor by proclamation pursuant to statute declared the charter of the corporation inoperative and void. *Pamph. L.* 1936, *pp.* 867, 966, 982. That notwithstanding this, the defendants continued the business of the corporation in its name, and in November, 1936, purchased of the plaintiff goods, for the price and value of which this suit was brought against them individually. The trial court entered a judgment of nonsuit. It is not suggested that the case is within section 167 of the District Court act (*R. S.* 2:32-122) authorizing a nonsuit where there is unsatisfactory evidence; and properly not, as the facts are clearly stated.

The judgment of nonsuit must be reversed. The theory of the action is, of course, the personal liability of individuals holding themselves out as agents for a principal in whose behalf they had no power to act; in this case a principal that was existent no longer, and as to which they had only the powers of conserving and disposing of the assets, paying debts, and closing out the business. Appellant correctly cites *Bay* v. *Cook,* 22 *N. J. L.* 343; *Booth* v. *Wonderly,* 36 *Id.* 250, and *Timken* v. *Tallmadge,* 54 *Id.* 117.

It appears in the state of the case that "the defendants were unaware, at the time, of the dissolution of said corporation;" but we consider that this does not affect their liability. They were charged with knowledge of the statute providing for a franchise tax on corporations (*Comp. Stat., p.* 5295; *R. S.* 54:13-1, &c.) and the penalty of forfeiture of franchise for non-payment of the tax for two years. *Comp. Stat., p.* 5293, *pl.* 512 *et seq.; R. S.* 54:11-1, &c. It is to be presumed that the state officials did their duty by way of sending out the tax bills, notices of delinquency, and so on; but apart from this, and assuming that defendants in good faith made the purchases on behalf of a supposedly legal cor-

poration, it was the actual and not the supposed situation that controlled the matter of liability. In *Bay* v. *Cook, supra,* and *Timken* v. *Tallmadge, supra,* the contracts were made expressly on behalf of a public body, and apparently in good faith, but the individuals were held liable. We can see no distinction in principle between those cases and the present one.

The judgment will therefore be reversed; and as the facts are stipulated, and the claim exceeded the jurisdiction of the District Court, the excess being waived, judgment may be entered for plaintiff in this court for five hundred dollars, with costs in the court below and costs of the present appeal. *R. S.* 2:32-214; *Hurey* v. *Leavitt,* 93 *N. J. L.* 299, 301, and cases cited.