This is a bill for an injunction and receiver of an alleged insolvent corporation, pursuant to R.S. 14:14-3. The bill states that the defendant is a corporation organized under the laws of the State of New Jersey, and that complainant owns one-half of the capital stock of the corporation and that the other half is held by Jack Pidgeon. On the return of the order to show cause, Pidgeon appeared and presented proofs intended to show that there is no such corporation as the one described in the bill. *Page 98 
"In order that the court may exercise the powers given it by the statute [R.S. 14:14-3] it must appear that the defendant is a corporation. It need not be a corporation de jure but may be one de facto." Gallant v. Fashion Piece Die Works, 116 N.J. Eq. 483.
To establish the existence of a de facto corporation, it must be shown that there is a law under which a corporation with the powers assumed might be incorporated; that there has been a bona fide attempt to organize a corporation in the manner prescribed by the statute, and that there has been an actual exercise of corporate powers. Stout v. Zulick,48 N.J. Law 599; Vanneman v. Young, 52 N.J. Law 403; McCarter v.Ketcham, 72 N.J. Law 247; Frawley v. Tenafly TransportationCo., 95 N.J. Law 405; Way v. American Grease Co., 60 N.J. Eq. 263.
Our statute enacts that three or more persons may associate to form a corporation by executing a certificate of incorporation, recording it in the office of the county clerk and filing it with the secretary of state. "The persons so associating, their successors and assigns shall, from the date of such filing, be a body corporate by the name set forth in the certificate." R.S.14:2-1 and 4. On filing the certificate with the secretary of state, the incorporators are required to pay him a fee and tax for the use of the state in an amount dependent upon the capitalization authorized but in no case less than $25.00. R.S.14:16-1. Once the corporation is formed, it becomes liable for an annual franchise tax. R.S. 54:13-1, c. For this purpose, the secretary of state furnishes to the state tax commissioner monthly a schedule of certificates filed. R.S. 52:16-9.
Now it appears to be the fact that although three persons signed a certificate of incorporation of Hillside Restaurant, Inc., and had it recorded in the county clerk's office, they never filed or attempted to file it with the secretary of state and never tendered to him the fees prescribed by the statute. The cases above cited establish that the failure, through ignorance or carelessness, to file the certificate of incorporation with the secretary of state does not prevent the existence of a defacto corporation; but there must be an effort in good faith to comply with the law. If the associates deliberately *Page 99 
refrain from taking the steps prescribed by the statute, or if they are guilty of a fraud on the statute, they do not become a corporation de facto. Wonderly v. Booth, 36 N.J. Law 250.
When they do not constitute a corporation de jure or defacto, persons doing business in an assumed corporate capacity, are partners and liable as partners. Hill v. Beach, 12 N.J. Eq. 31; Federal Advertising Corp. v. Hundertmark,109 N.J. Law 12.
In the present case, no explanation is offered for the failure to file the certificate of incorporation. The promoters of the corporation had the advice of counsel and I think it a fair inference that they were informed by him of the amount of the fee of the secretary of state and perhaps also of ensuing franchise taxes, and that they decided to avoid these burdens by omitting to file the certificate at Trenton — a practice which has become too common. If this is the correct inference, then no corporation came into existence.
Furthermore, it appears that there was no attempt to organize the corporation under its charter. No payment for capital stock was made by the transfer either of cash or property to the company; no meetings of stockholders or directors were held; no officers were elected. A bank account was opened in the name of Hillside Restaurant, Inc., and current receipts or part of them were deposited in the account and checks for current expenses were drawn, signed by Pidgeon as president. This seems to have been the only exercise of corporate powers.
I conclude that no such corporation as the one mentioned in the bill exists de jure or de facto, and so the bill will be dismissed. *Page 100