## In re TEMPLE.

## KNOBLICH v. TEMPLE.

### No. 9201.

Circuit Court of Appeals, Seventh Circuit.

Jan. 29, 1947.

George E. Drach and Nelson O. Howarth, Drach & Howarth, all of Springfield, Ill., for appellant.

Emanual Rosenberg, of Decatur, Ill., Louis F. Gillespie and Hugh J. Dobbs, both of Springfield, Ill., W. C. Ingram, of Sullivan, Ill., and Kenneth H. Lemmer, of Havana, Ill., for appellee.

Before KERNER and MINTON, Circuit Judges, and LINDLEY, District Judge.

MINTON, Circuit Judge.

Paul L. Temple, the appellee, filed a voluntary petition in bankruptcy in the District Court seeking the adjudication in bankruptcy of a copartnership composed of himself and the appellant, Gordon R. Knoblich, doing business under the firm name of Sullivan Box Factory. The court upon the trial of the issue found that Temple and Knoblich were partners doing business as the Sullivan Box Factory and adjudicated the partnership and the individual partners bankrupt. From this judgment Knoblich has appealed.

The only question before us is whether there was a partnership. This, the appellant contends, is a matter of the intention of the parties. The appellee does not dispute this proposition. The court found the issue against the appellant. Therefore, in this appeal it is for us to consider only the evidence which will support the court's judgment. Was there evidence to support the finding that a partnership existed? This question involves a determination of the intention of the parties, especially Knoblich.

One manifests his intentions by what he says and does. Knoblich was an accountant and had been engaged in auditing the books of the Sullivan Box Factory prior to December 1, 1944. On that date he became associated with the factory. On February 24, 1945 Knoblich himself drew certain articles of agreement between him and Temple which were retroactive to December 1, 1944. The agreement drawn by him recited: "It is agreed by the parties that the partnership, known as the Sullivan Box Factory, Sullivan, Illinois, shall be engaged * * *."

The agreement further provided: "It is agreed that all capital shall be contributed by Paul L. Temple and that profits are to be shared on the ratio of 85 percent to Paul L. Temple and 15 percent to Gordon R. Knoblich."

The agreement then provided for a salary for each of the parties, in addition to the profit-sharing provision. The agreement also established the "fiscal business year of the partnership," and next provided:

"It is further agreed that all withdrawals of parties other than salaries are to be charged to their respective capital accounts.

"It is further agreed that any operating financial policies are to be the result of mutual consent of both parties. The partnership between Paul L. Temple and Gordon R. Knoblich shall continue until voluntarily terminated by either or both parties or the death of either Gordon R. Knoblich or Paul L. Temple. In the event of the voluntary termination, the profits resulting

from operations or from the realization of assets shall be distributed 85 percent to Paul L. Temple and 15 percent to Gordon R. Knoblich."

The agreement concluded with a provision specifying the method by which a "deceased partner's" interest should be computed upon death.

On May 11, 1945 Temple and Knoblich acknowledged and had recorded in the office of the Clerk of Moultrie County, Illinois, a certificate in compliance with the statute of Illinois commonly called the "Trade Name Statute," in which they recited that they were doing business as the Sullivan Box Factory at a certain address in the county, and that they were the persons owning, conducting, and transacting the business.

In the conduct of the business, Knoblich was designated as the secretary-treasurer. His duties involved the signing of the firm's checks, the supervision of the personnel, including the authority to hire and discharge employees, and the formulation of personnel policies in collaboration with Temple. In addition, he looked after the scheduling of orders and the maintenance of adequate stores and materials; he kept the necessary records and expedited the collection of receivables. In at least one instance, he assigned a receivable as security for a loan to the firm. He and his wife joined Temple and his wife in executing notes and mortgages, real and chattel, to secure notes to the Reconstruction Finance Corporation for money loaned the firm. In 1945 he made out a partnership income tax return to the Internal Revenue Bureau in which return he and Temple were designated as partners and the amounts of their interest in the partnership were shown.

The appellant emphasized in argument and in his brief In re Marcuse & Co., 7 Cir., 281 F. 928, decided by this Court, and Giles v. Vette, 263 U.S. 553, 44 S.Ct. 157, 68 L.Ed. 441. We have no quarrel with these cases. There is no similarity between the Giles case, which was a phase of the Marcuse case, and the case at bar. In the Giles case, the parties had nothing to do with the conduct of the partnership and did not represent themselves as partners; they had only an agreement for a share in the profits.

This fact standing alone was not, in the circumstances of that case, sufficient to make them partners, and the Supreme Court affirmed this Court's holding that there was no partnership. In the instant case the appellant not only shared in the profits; he repeatedly represented and conducted himself as a partner and took an active part in the management of the business, the determination of its policies, and the handling of its property, even to the provision in the agreement that upon dissolution of the partnership, he should share in any increase in the assets.

Such conduct was wholly at variance with the bare statement of the appellant Knoblich that he was not a partner. The evidence is not only substantial but abundant to support the finding of the District Court that the appellant Knoblich was a partner. The judgment of the District Court is affirmed.