GUILFORD BUILDERS SUPPLY COMPANY, INC. v. GEORGE W. REYNOLDS. J. T. REYNOLDS, RACHEL L. REYNOLDS, VARINA M. REYNOLDS AND EDYTHE REYNOLDS.

(Filed 25 February, 1959.)

**1. Corporations § 12—**

Where the evidence discloses that the plaintiff sold goods to an individual on such individual's credit alone, and refused to extend credit to the corporation in which the individual was an officer, plaintiff may not contend that because the purported corporation was nonexistent at the time, the officers and directors thereof were personally liable, since such principle obtains in proper instances only when the stockholders, officers and directors continue to obtain credit for and on behalf of a purported but nonexistent corporation.

**2. Partnership § 1a—**

Evidence that the husband was in the building and land development business, that his wife owned certain realty, and that she executed deeds for her land as directed by her husband, but that she never received payment for property transferred by her and that the only money received by her from her husband over the period in question was for her support, is insufficient to justify a holding that she is liable as a partner or otherwise for building materials purchased by her husband.

APPEAL by plaintiff from *Johnston, J.,* March 10, 1958 Regular Civil Term of GUILFORD (Greensboro Division). This case as No. 604 was argued at the Fall Term 1958 of this Court.

This action was originally instituted 9 May 1957 against J. T. Reynolds, George W. Reynolds, and Oakmont, Inc., an alleged corporation, to recover an unpaid balance due the plaintiff for building materials allegedly sold to the defendants in 1956 and 1957 in the sum of $18,442.63.

It was alleged in the original complaint that sometime prior to

June 1956 the plaintiff entered into an express oral contract with the defendants, J. T. Reynolds and George W. Reynolds, who were officers and agents of the defendant Oakmont, Inc., and who were acting on behalf of themselves, individually, and as agents of the defendant Oakmont, Inc., whereby plaintiff agreed to furnish certain building supplies to the three defendants; that defendants, J. T. Reynolds and George W. Reynolds, acting for themselves, individually and in the course and scope of their duty and authority as agents of Oakmont, Inc., agreed to promptly pay for the building supplies so ordered by them and furnished by the plaintiff; that defendant Oakmont, Inc., through its officers and agents, the individual defendants, agreed to promptly pay for the building supplies so ordered by them and furnished by the plaintiff.

Subsequent to the filing of the complaint in this action, the corporate defendant filed a voluntary petition in bankruptcy. The plaintiff filed no claim with the trustee in bankruptcy against Oakmont, Inc.

With the permission of the court, the plaintiff took a voluntary nonsuit as to Oakmont, Inc. The plaintiff was permitted to make Rachel L. Reynolds (wife of J. T. Reynolds), Edythe Reynolds (daughter of J. T. and Rachel Reynolds), and Varina M. Reynolds (wife of George W. Reynolds), parties defendant, and allowed to amend its complaint.

The amended complaint alleges that during the times herein complained of, the defendants were associated together for the purpose of carrying on as co-owners a real estate development and construction business for profit. The complaint further alleges: "That sometime prior to June 1956, the defendant J. T. Reynolds came to the plaintiff's place of business and at said time acting on behalf of himself individually and on behalf of the other defendants entered into an express oral agreement with the plaintiff whereby the plaintiff agreed to furnish building materials and supplies to J. T. Reynolds, who was acting for himself individually and for the other defendants, said building materials and supplies to be used by the defendants in the course of their real estate, development and construction business; that said building materials and supplies so ordered were to be paid for promptly."

The defendants filed answer and denied liability, but did not deny that the plaintiff had furnished building materials and supplies amounting to $18,442.63, none of which had been paid.

The plaintiff's evidence tends to show that all the items of building materials furnished by the plaintiff, and for which it has not been paid, in the sum of $18,442.63, were charged to J. T. Reynolds

on its books; that the certificate of incorporation of Oakmont, Inc. was issued by the Secretary of State on 3 March 1947 and that such certificate was suspended on 2 February 1948 for failure to file required reports and pay franchise taxes due the State of North Carolina as required by law. It is conceded that the corporation for all corporate purposes expired under the statute on 2 February 1953.

Albert W. Christiansen, President of the plaintiff corporation, testified that, "In 1955, Mr. Reynolds came to my office and said that he was going to do quite a bit of building out in the Lawndale section and he would like to purchase some building supplies from us. I told him * * * we surely did appreciate it, but with our previous experiences we couldn't do business with Oakmont, Inc., but we would be glad to do business with Mr. J. T. Reynolds. After I told Mr. Reynolds that we could not do business with Oakmont, Inc., he agreed to go along on that basis. * * * After this conversation in 1955, we began to sell building supplies to the Reynoldses. * * * At the time of the conference in 1955, Mr. George H. Thompson was present with Mr. Reynolds and me. * * * I have with me a ledger sheet covering all transactions with either Oakmont, Inc. or with J. T. Reynolds. No ledger sheet after the year 1949 reflects any transactions in the name of Oakmont, Inc. There has been no charges made on the ledger sheets or in any other way to Oakmont, Inc. * * * Since 1949 all purchases made by J. T. Reynolds or anyone on his behalf have been charged to J. T. Reynolds. * * *

"When suit was instituted against J. T. Reynolds, George Reynolds and Oakmont, Inc., I did not know that Oakmont, Inc. was not incorporated. After the bankruptcy hearing it was learned that Oakmont, Inc. was not incorporated and I thought that the individual Reynolds defendants in this action owed me as individuals. At the time of furnishing the materials we were looking to Mr. Reynolds for our money. No, Mr. Reynolds never told me that we could expect any money from Oakmont, Inc. Mr. Reynolds is the man I was dealing with at the time of furnishing the materials and subsequently and with whom I had conversations and I was looking for my money from Mr. Reynolds."

Mr. George H. Thompson, Vice President of the plaintiff, testified, "I heard Mr. Christiansen testify with regard to a conversation with Mr. J. T. Reynolds. I was in the office at the time. * * * Mr. Reynolds, I think, wanted to order some materials and the past was brought up about Oakmont, Inc. So Mr. Christiansen and Mr. Reynolds agreed that all bills were to be made to Mr. Reynolds at that time. * * * As a result of the conversation * * * all articles that were delivered were charged to J. T. Reynolds. To my knowledge no

charges were made to Miss Edythe Reynolds, Miss Varina Reynolds or Mrs. Rachel Reynolds. To my knowledge no charges were made to George W. Reynolds."

At the close of plaintiff's evidence, counsel for the defendants moved for judgment as of nonsuit. Motion allowed as to all defendants except J. T. Reynolds. Plaintiff accepted.

Jury returned a verdict against J. T. Reynolds in the sum of $18,442.63, with interest from 1 May 1957.

Judgment was accordingly entered and the plaintiff appeals, assigning error.

*Rollins & Rollins; Smith, Moore, Smith, Schell & Hunter, and Richmond G. Bernhardt, Jr., for plaintiff.*

*Hoyle & Hoyle, and J. Sam Johnson, Jr., for defendants.*

DENNY, J. The appellant's only exceptions and assignments of error are directed to the allowance of the defendants' motion for judgment as of nonsuit as to the respective defendants on behalf of whom the motion was sustained.

In addition to the evidence set out above, the plaintiff introduced adverse examinations of all the defendants. These adverse examinations established the fact that Oakmont, Inc. never held any corporate meetings after the meeting of 21 March 1947, at which meeting the incorporators elected J. T. Reynolds, G. W. Reynolds, and Edythe Reynolds, directors of the corporation. On the same day, the directors elected J. T. Reynolds, President; G. W. Reynolds, Vice President; and Edythe Reynolds, Secretary-Treasurer.

It appears from the adverse examination of Mrs. Rachel L. Reynolds that she owned some real estate on which her husband built some houses and that Mrs. Reynolds signed deeds conveying the property in accordance with the request of her husband; that she has never received any payment for property transferred by her; that the only money she has received from her husband over the period in question has been for her support.

The appellants contend (1) that all these defendants who were stockholders of Oakmont, Inc. are liable individually and as partners to the plaintiff, because at the time the materials were furnished, such parties were trading under the name of Oakmont, Inc., a purported corporation, whose charter had been suspended on 2 February 1948 and whose existence for all purposes expired by law on 2 February 1953, G.S. 105-230 and G.S. 105-232; and (2) that there is sufficient evidence to be submitted to a jury on the issue that Rachel L. Reynolds was liable as a partner with some or all the defendants,

or that she was liable as an undisclosed principal of the defendant J. T. Reynolds.

Under certain circumstances, stockholders, officers and directors may be held liable as individuals or partners when such stockholders, officers and directors permit the charter of the corporation to expire, and continue to obtain credit for and on behalf of a purported but non-existent corporation.

In Volume 13 of Fletcher Cyc. of the Law of Private Corporations, section 6648, page 1378, *et seq.*, we find the following: "Members of a pretended corporation which is neither a *de jure* nor a *de facto* corporation are generally held personally and individually liable, unless otherwise provided by statute, for the debts of the pretended corporation, unless the creditor is estopped to attack the corporate existence of the apparent corporation, without any reference to whether the persons sought to be held liable, actively participated in contracting the debt," citing *Wood v. Staton*, 174 N.C. 245, 93 S.E. 790, 794, which holds that where a claimant has extended credit to an alleged corporation, "unless there is one, either *de jure* or *de facto*, the members can, ordinarily, be held liable as partners."

In the instant case, however, there is not a scintilla of evidence tending to show that the defendants obtained the materials from the plaintiff on the credit of Oakmont, Inc. Plaintiff's evidence is expressly to the contrary. It was agreed between the president of the plaintiff corporation and the defendant J. T. Reynolds that the plaintiff corporation would not extend credit in any amount to Oakmont, Inc., but that credit would be extended to J. T. Reynolds; that it was extended to him and that he and he alone was the one to whom the plaintiff looked for its money. Therefore, the plaintiff's first contention is without merit.

As to the second contention, we find nothing in the evidence that would justify a holding that Rachel L. Reynolds is liable as a partner or otherwise for debts arising out of the contract between the plaintiff and the defendant J. T. Reynolds. *Rothrock v. Naylor*, 223 N.C. 782, 28 S.E. 2d 572.

The ruling of the court below in sustaining the defendants' mo tion for judgment as of nonsuit as to all the defendants, except J. T. Reynolds, is

Affirmed.