In the Matter of Michael H. HARE and Irene A. Hare, individually and as copartners, trading as Hare Bros., Inc., Alleged Bankrupts.

No. 11330.

United States District Court
D. Maryland.

June 13, 1962.

882

Charles J. Atas, Glen Burnie, Md., for alleged bankrupts.

Louis J. Sagner, Mitchell Stevan, Baltimore, Md., for petitioning creditors.

WINTER, District Judge.

Without deciding whether the alleged bankrupts were insolvent, whether they committed acts of bankruptcy and whether petitioning creditors qualified as such, the Referee dismissed an involuntary petition in bankruptcy filed against Michael H. Hare and Irene A. Hare, individually and as copartners, trading as Hare Bros., Inc. The petition was filed June 6, 1961. Hare Bros., Inc. was incorporated January 16, 1947. Its charter was forfeited on October 27, 1954, for failure to pay annual franchise taxes,[1] and no revival had been undertaken at least until the date of hearing before the Court.[2] The petitioning creditors all became creditors as the result of transactions occurring subsequent to October 27, 1954.

The petition for review of the Referee's order of dismissal questions the legal correctness of his apparent holdings that (1) the fact that Hare Bros., Inc. might be revived is itself a bar to a proceeding against the former principal stockholders, officers and directors, individually or jointly, and (2) no partnership was in fact proved to have existed between the alleged bankrupts. The Court concludes that the Referee was in error in both conclusions, and his order must be reversed, with instructions to take testimony and decide the issues he failed to consider.

The proof adduced showed that the charter of Hare Bros., Inc. was forfeited for nonpayment of taxes and for failure

1. Annotated Code of Maryland (1957 Ed.), Article 81, § 204.

2. Annotated Code of Maryland (1957 Ed.), Article 23, § 85.

to file annual reports in 1954.[3] At that time and now, the alleged bankrupt, Mr. Hare, owned 98% of the outstanding stock. He was a director and was the principal officer. Mrs. Hare owned and still owns 2% of the stock. She was an officer and director, and has never formally resigned as a director. It is clear that, since 1954, the business was continued to be operated in the corporate name and new indebtedness incurred, although the corporate charter was not revived in accordance with the provisions of the Maryland statute which, unlike Maryland's original revival statute, permits revival at any time. At the hearing before me, counsel, with commendable candor, admitted that revival had been considered, but that payment of back taxes was too expensive to permit revival to be effected.

Persons who continue business operations and incur debts in the name of a forfeited corporation, after forfeiture and prior to revival, are individually liable for such debts. This general principle is set forth in Guilford Builders Supply Co. v. Reynolds, 249 N.C. 612, 107 S.E.2d 80, 83 (1959):

"Under certain circumstances, stockholders, officers and directors may be held liable as individuals or partners when such stockholders, officers and directors permit the charter of a corporation to expire, and continue to obtain credit for or on behalf of a purported but non-existent corporation."

See also: 1 Mechem, Agency (1914 Ed.), § 1385, et seq. and Norton v. Supreme Fuel Sales Co., 72 F.Supp. 287 (D. C.N.J.1947) and Studerus Oil Co. v.

Bienfang, 122 N.J.L. 238, 4 A.2d 787 (1939), where officers and directors were held individually liable for contracting in the name of the forfeited corporation, when, at the time of trial, the charter had not yet been revived.[4]

Since Hare Bros., Inc. has not been revived, the provisions of the Maryland law as to the legal effect of revival,[5] and the cases construing the Maryland statutes and similar statutes are not in point. Generally, they conclude that, *after revival*, individuals who have contracted in the name of the forfeited corporation may be absolved of their personal liability, particularly in those instances where they did not know that a forfeiture had occurred, Deutsch v. Aaron & Lillie Straus Foundation, 155 F. Supp. 551 (D.C.Md.1957); Marsh Furniture Company v. Solomon, The Daily Record, December 4, 1958 (Baltimore City Court, Warnken, J.); Held v. Crosthwaite, 260 F. 613 (2 Cir.1919); 13 A.L.R. 1220 (1950).

While there are cases to the effect that forfeited corporations, organized under state law which gives a right of revival, may for some purposes be treated as corporations. Watts v. Liberty Royalties Corporation, 106 F.2d 941 (10. Cir.1939); Reade v. Broadway Theater Co., 99 N.J.Eq. 282, 132 A. 477 (N.J.1926); Huey v. National Bank of Fitzgerald, 177 Ga. 64, 169 S.E. 491 (1933); 47 A.L.R. 1288, 1315 et seq. (1927); 97 A.L.R. 477 (1935), this doctrine has been primarily invoked where it is necessary to protect the rights of third persons. See: U. S. v. Indian Hill Farm, 255 F.2d 282 (2 Cir. 1958). Donhauer v. Realty Co-Op. Co.,

---

3. The record before the Court consists of the Referee's opinion, order and certification, together with the Petition for Review. Unfortunately, the reporter's notes of the hearing before the Referee were lost and could not be transcribed. Their absence is compensated for by a summary of testimony prepared by the Referee. Absent an objection by either party, and since the essential facts are undisputed, the Court has considered the case on this record.

4. In this connection, Annotated Code of Maryland (1957), Article 23, § 86, provides that officers and directors of a corporation at the time of forfeiture are presumed to know that fact, and are rendered criminally liable if they thereafter contract in the name of the corporation.

5. Annotated Code of Maryland (1957 Ed.), Article 23, § 85(d).

64 A.2d 911 (N.J.Co.1949). Eversman v. Ray Shipman Co., 115 Ohio St. 269, 152 N.E. 643 (1926). The doctrine is clearly inapplicable here, because the petitioning creditors do not seek relief against Hare Bros., Inc.; and where by Maryland law, the forfeited corporation is deemed non-existent,[6] and where its operations have been continued for seven and a half years without revival, in clear violation of the Maryland statute,[7] it would be unconscionable to permit the alleged bankrupts the defense that the corporation continues to enjoy a *de facto* status and insulates them from personal liability, Ballantine, Corporations (1946 Ed.), § 34, p. 100, Boyce v. Trustees, etc., of M. E. Church, 46 Md. 359 (1877), Md. Tube & Iron Works v. West End Imp. Co., 87 Md. 207, 39 A. 620, 39 L.R.A. 810 (1898).

Manifestly, the Referee's first holding was in error.

As to the correctness of the Referee's second holding, there was ample evidence from which the Referee could have found that Mr. Hare actively obtained credit and transacted business in the name of Hare Bros., Inc. It should be noted that the petition was filed against Mr. Hare, individually, as well as jointly with his wife. This should have been enough to require the Referee to consider the questions of insolvency, etc., in regard to Mr. Hare, individually, at least.

The more troublesome question is whether the Referee should have considered the petition against Mr. and Mrs. Hare, jointly, and the determination of this question depends upon whether there was sufficient evidence before the Referee to indicate some joint relationship between the alleged bankrupts in the continuation of the business under the name of Hare Bros., Inc.

Mrs. Hare in her answer denied, *inter alia*, that she was a partner of her husband. She admitted in her testimony that, since 1954, she performed services as an employee of the enterprise, that she had never formally resigned from her position as director of the corporation, that she owns 2% of the stock, and that she was authorized to sign, and did sign, checks on behalf of Hare Bros., Inc. subsequent to forfeiture, although she denied performing any part of the function of management.

Both Mr. and Mrs. Hare have suffered three judgments to be entered against them jointly and severally trading as Hare Bros., Inc., in the Circuit Court of Prince George's County at the instance of three creditors, the claims of which arose subsequent to the date of forfeiture.

While creditors filing an involuntary petition against an alleged partnership, conducting its business under a corporate name, have the burden of proving that the partnership existed in fact, Utter v. Irvin, 132 F.2d 416 (5 Cir. 1942), Baker v. Bates-Street Shirt Co., 6 F.2d 854 (1 Cir. 1925). In Re Pauline's Fashion Salon, 121 F.Supp. 845 (D.C.S.D.Cal.1954), 1 Collier, Bankruptcy (1961 Ed.), ¶5.02, pp. 688–690, and, while a partnership cannot be created by estoppel, 1 Collier, supra, ¶5.02, pp. 689–690, the Court concludes that there were sufficient facts before the Referee from which he should have concluded that a partnership was proved.

Under Maryland law a written agreement is not a prerequisite to a valid partnership, Annotated Code of Mary-

---

6. Annotated Code of Maryland (1957), Article 81, § 204, states the effect of forfeiture (at least before revival) to be "that the charters of such corporations shall be repealed, annulled and forfeited, and that the powers conferred by law upon such corporations shall be inoperative, null and void." Callahan v. Clemens, 184 Md. 520, 528, 41 A.2d 473, 476 (1945), states " * * * the forfeiture put an end to the corporate existence;" while Atlantic Mill & Etc. Co. v. Keefer, 179 Md. 496, 499, 20 A.2d 178 (1941), describes the state of forfeiture as "not legally in existence." See also, American-Stewart Distillery v. Stewart Distilling Co., 168 Md. 212, 177 A. 473 (1935); Brune, Maryland Corporation Law and Practice (1953 Ed.), § 406.

7. See, supra, Note 4.

land (1957), Article 73A, § 7; the existence of a partnership may be inferred from the acts of the parties, M. Lit. Inc. v. Berger, 225 Md. 241, 170 A.2d 303 (1961), Miller v. Salabes, 225 Md. 53, 169 A.2d 671 (1961). Under Maryland law a wife may be her husband's partner, and the fact of partnership is to be determined from all of the circumstances, Smith v. Smith, 189 Md. 1, 53 A.2d 15 (1947), Miller v. Salabes, supra.

Here, the alleged bankrupts initiated business as officers, stockholders and directors of a corporation now non-existent. After forfeiture, Mrs. Hare did not sever her relationship with the enterprise. She continued as a director, although her legal function, after forfeiture, would be to act as trustee for the stockholders; she retained her stock; and she continued as an "employee" of sufficient responsibility to be authorized to sign checks and to sign checks on behalf of the enterprise. The judgments entered in Prince George's County are also significant. Even if they are not *res adjudicata* of the fact of partnership, the Court may certainly conclude that they constitute a tacit admission of partnership, either because the suits were not defended or, being unsuccessfully defended, were not appealed.

In the light of these facts, the general statement of Guilford Builders Supply Co. v. Reynolds, supra, is applicable. Indeed, it was said in Culkin v. Hillside Restaurant, 126 N.J.Eq. 97, 8 A.2d 173, 175 (1939), where not all of the factors in the instant case were present:

> "When they do not constitute a corporation de jure or de facto, persons doing business in an assumed corporate capacity, are partners and liable as partners. Hill v. Beach, 12 N.J.Eq. 31; Federal Advertising Corp. v. Hundortmark, 109 N.J.L. 12, 160 A. 40."

See also: Bailey v. Sutton, 208 Ark. 184, 185 S.W.2d 276 (1945); Manson v. Williams, 213 U.S. 453, 29 S.Ct. 519, 53 L.Ed. 869 (1909); Fahey v. Sapio, 30 F.2d 330, 332 (5 Cir. 1929), cert. den. 279 U.S. 871, 49 S.Ct. 512, 73 L.Ed. 1007

(1929); Namoff v. Hyland Electrical Supply Company, 275 F.2d 14 (7 Cir. 1960), cert. den. 364 U.S. 818, 81 S.Ct. 51, 5 L.Ed.2d 49 (1960); In re Temple, 159 F.2d 197 (7 Cir. 1947).

Thus, the facts and the law indicate that Mrs. Hare is jointly liable with Mr. Hare. Accordingly, the Referee's order must be reversed, and the Referee directed to determine the questions of insolvency, alleged acts of bankruptcy and qualification of petitioning creditors to sue.