BERGY BROTHERS, INC v ZEELAND FEEDER PIG, INC

Docket No. 77-2795. Submitted March 7, 1979, at Grand Rapids.—
Decided March 17, 1980. Leave to appeal applied for.

Zeeland Feeder Pig, Inc., was incorporated in 1967 with George
Spencer as an owner of 50 percent of the stock, a member of
the board of directors, and president of the corporation. Annual
reports were not filed for 1969, 1970, and 1971 and the state
voided the corporate charter on May 15, 1971. In September,
1972 Spencer filed the delinquent reports and the corporation's
charter was reinstated. During the time in which the charter
was void Spencer continued to carry on the business.

Bergy Brothers, Inc. sold feed and supplies to Zeeland during
the time when Zeeland's charter was void and brought an
action against Zeeland and against Spencer individually to
recover amounts owing on account. The Ottawa Circuit Court,
James E. Townsend, J., entered judgment in favor of the
plaintiff against both defendants. Defendants appeal, alleging
that the trial court erred in determining that the plaintiff's
feed was purchased solely by Zeeland Feeder Pig, Inc. for
corporate purposes, that Zeeland Feeder Pig, Inc. cannot be
liable because the debt was incurred after the corporate charter
was voided and before it was reinstated, and that Spencer
should not be held personally liable for the indebtedness. *Held:*

1. The trial court found that the feed purchased from Bergy,
although delivered to several different sites, was all for the
operations of Zeeland which was expanding in a manner which
required placing pigs in locations other than the site where
Zeeland was located. This finding was not clearly erroneous.

2. Zeeland can be held liable for the debts incurred during
the period in which its charter was void. The applicable statute

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur 2d, Appeal and Error §§ 841, 880, 884.
[2] 3 Am Jur 2d, Agency §§ 69, 71, 72.
  19 Am Jur 2d, Corporations § 953, 1079, 1271.
[3] 19 Am Jur 2d, Corporations § 1652.
[4] 19 Am Jur 2d, Corporations §§ 56, 1646 *et seq.* ·
[5] 18 Am Jur 2d, Corporations §§ 47 *et seq., 1655.*
[6] 18 Am Jur 2d, Corporations §§ 1650-1652.

provided that upon compliance with the requirements for filing, the charter was revived and all contracts entered into during the period of forfeiture became valid.

3. Spencer, as half owner of a corporate business operating under a void charter, had the rights and duties of a general partner and may be held personally liable for business debts. The subsequent revival of the charter did not operate retroactively to terminate the personal liability incurred while the corporate charter was void.

Affirmed.

1. APPEAL AND ERROR — FINDINGS OF FACT — CLEAR ERROR.

An appellate court will set aside the findings of fact of a trial court sitting without a jury only when such findings are clearly erroneous; a finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed, giving regard to the special opportunity of the trial court to judge the credibility of those witnesses who appeared before it.

2. CORPORATIONS — CONTRACTS — OFFICERS AND AGENTS — IMPLIED POWERS — RELIANCE.

A private corporation has the implied power to enter into any contract necessary to the conduct of its business and the accomplishment of its corporate purpose, and, in the absence of actual or constructive notice that an officer or agent of a corporation is expressly restricted in his power to act for the corporation, one dealing with an officer or agent who is apparently entrusted with management and control of the business has the right to rely on such officer's or agent's implied authority to contract in pursuance of the business of the corporation.

3. CORPORATIONS — CONTRACTS — VOID CHARTER — REVIVAL OF CHARTER — STATUTES.

Contracts entered into by a corporation during a period of time after the corporate charter was voided by the state for failure to file annual reports and before the charter was revived upon filing of the delinquent reports became valid upon revival of the charter (MCL 450.432; MSA 21.248(2), now MCL 450.1925; MSA 21.200[925]).

4. CORPORATIONS — VOID CHARTER — CONTINUATION OF BUSINESS — GENERAL PARTNERS.

A 50 percent owner of a continuing corporate business operating

under a charter which has been declared void has the rights
and duties of a general partner.

5. CORPORATIONS — VOID CHARTER — CONTINUATION OF BUSINESS —
   CREDITORS' RIGHTS.

   A corporation, the charter of which has been voided for failure to
   file annual reports, is expressly prohibited from continuing in
   the operation of the business for which the corporation was
   organized, and where the principals of such a corporation
   continue to carry on the business the court will not impute a de
   facto corporate status in order to defeat the rights of creditors.

6. CORPORATIONS — VOID CHARTER — OFFICERS — INDIVIDUAL LIABIL-
   ITY.

   The revival of a corporate charter which had been voided for
   failure to file annual reports does not terminate the individual
   liability of an officer of the corporation who continued the
   business of the corporation, incurring new liabilities, during the
   period of time in which the corporate charter was void.

*Landman, Hathaway, Latimer, Clink & Robb* (by
*Jon D. Vander Ploeg),* for plaintiff.

*Randolph McCarthy, Jr.,* for defendants.

Before: R. B. BURNS, P.J., and ALLEN and MAC-
KENZIE, JJ.

MACKENZIE, J. The plaintiff filed suit in the
Ottawa County Circuit Court to recover from the
defendants, Zeeland Feeder Pig, Inc., a Michigan
corporation, and George Spencer, individually, the
sum of $45,119.53 as the balance of an account for
feed sold to the defendant corporation by the
plaintiff during the period August 10, 1971, to
September 7, 1972. The trial court decided in the
plaintiff's favor and entered a judgment of
$45,119.53 plus interest against both defendants.
Defendants appeal as of right.

Defendant Zeeland Feeder Pig, Inc., was duly
incorporated on November 13, 1967. Defendant
George Spencer and Cornelius Hoezee were the

incorporators and each owned 50% of the capital stock. Upon incorporation, Spencer became a member of the board of directors, as well as president of the corporation. Hoezee was secretary-treasurer of the corporation and also a member of the board of directors. Richard Nagy was the third member of the board of directors, but owned no stock in the corporation.

Annual reports of the corporation for 1969, 1970, and 1971 were not filed, contrary to a requirement of the Michigan Corporation Act, MCL 450.82; MSA 21.82 (repealed, now MCL 450.1911; MSA 21.200[911]). Defendant Zeeland Feeder Pig's charter was, therefore, voided by the State of Michigan as of May 15, 1971. On September 7, 1972, defendant Spencer filed the annual reports for the years 1969, 1970, 1971, and 1972 with the Department of Treasury for the State of Michigan, thereby reinstating the corporate charter.

# I

*Is defendant Zeeland Feeder Pig, Inc., liable to plaintiff for the debt alleged in the complaint?*

Defendants contend that the trial judge's determination that the plaintiff's feed was purchased solely by Zeeland Feeder Pig, Inc., for corporate purposes was not supported by sufficient evidence.

An appellate court will set aside the findings of fact of a trial court sitting without a jury only when such findings are clearly erroneous. A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed. *Smith v Michigan State Accident Fund,* 403 Mich 201; 267 NW2d 909 (1978). In making this determi-

nation, regard should be given to the special opportunity of the trial court to judge the credibility of those witnesses who appear before it. *Ford v Howard,* 59 Mich App 548; 229 NW2d 841 (1975).

A private corporation has the implied power to enter into any contract necessary to the conduct of its business and the accomplishment of its corporate purposes. One dealing with an officer or agent of a corporation who is apparently entrusted with general management and control of its business has the right to rely on such officer's or agent's implied authority to contract in the pursuance of the ordinary business of the corporation. There is no such right to rely if there is actual or constructive notice that the power to act for the corporation is expressly restricted, however. *Mazanec v Gogebic Timber & Lumber Co,* 313 Mich 117; 20 NW2d 832 (1945).

Defendants deny that all of the feed listed in the account was delivered to defendant corporation pursuant to the directions of its authorized agents and claim that feed was diverted to personal ventures of Cornelius Hoezee and Richard Nagy. Testimony at trial indicates that, commencing in the latter part of 1969, the corporation was expanding pig raising activities which required placing pigs in locations other than the on-site location of Zeeland Feeder Pig, Inc. Spencer denied knowledge of these activities, but there was testimony by Nagy and Willis Van Haitsma, a farm owner who engaged in raising hogs he believed for Zeeland Feeder Pig, Inc., that defendant Spencer took part in working out financial arrangements for purchasing hogs to raise on the Van Haitsma farm. At trial, Lawrence O'Mara, manager of plaintiff, testified that he dealt with Hoezee and Nagy as representatives of the defendant corporation, and

that, although feed was delivered by plaintiff to various locations, it was all for operations of Zeeland Feeder Pig, Inc. Richard Nagy testified that neither he nor Hoezee intended to enter into a joint venture outside the scope of Zeeland Feeder Pig, Inc., and that the feed supplied by plaintiff was used only for pigs owned by the corporation.

The trial court determined that defendant corporation engaged in several operations on different sites. The court further determined that hog feed was delivered to several locations where defendant corporation was operating and that no part of the feed was used for other than corporate purposes. Upon examination of the record, we conclude that the trial court's finding was supported by sufficient evidence and that its determination is not clearly erroneous.

Defendants also contend that Zeeland Feeder Pig, Inc., cannot be liable for the debt at issue because it was incurred after the corporate charter was voided but prior to the charter's reinstatement.

Because the corporation's annual reports for 1969, 1970, and 1971 were not filed, the corporate charter was voided as of May 15, 1971. See MCL 450.91; MSA 21.91.[1] Pursuant to MCL 450.431;

---

[1] "Failure to file report and/or pay fee; charter void; profit corporation; extension of time. If any profit corporation which has heretofore been, is now or may hereafter be required to file its annual report with and pay a privilege fee to the secretary of state, shall for 2 consecutive years neglect or refuse to file such report and/or to pay such fee, the charter of such corporation shall be absolutely void, without any judicial proceedings whatsoever, and such corporation shall be wound up in any manner provided by this act unless the secretary of state shall for good cause shown extend such fee as the case may be. In case of extension of time as provided in this section the secretary of state shall file in his office a certificate showing the length of time granted by such extension: Provided, That in no case shall the total extension of time granted be more than 1 year: And provided further, That such extension of time shall be granted prior to the expiration of the time fixed in section 82 of this act. The

MSA 21.248(1),[2] the charter was revived on September 7, 1972, after the delinquent reports were filed. The trial court held that the debt was legally incurred by the corporation, basing its ruling on MCL 450.432; MSA 21.248(2), now MCL 450.1925; MSA 21.200(925), which provide:

"Upon compliance with the provisions of this act, the rights of such corporation shall be the same as though no forfeiture had been operative and all contracts entered into during such intervals shall become valid."

We agree with the holding of the trial court. See *Shurlow Tile & Carpet, Inc v Dahlmann Building Co,* 54 Mich App 180; 220 NW2d 732 (1974).

## II

*Is defendant George Spencer, individually, liable to plaintiff for the debt underlying the complaint?*

The trial court held that defendant Spencer was jointly and severally personally liable as a corporate officer under MCL 450.87; MSA 21.87, which was in effect at the time, for debts of the corporation contracted during the period of its "neglect or refusal" to file annual corporate reports. The trial court also predicated individual liability of Spen-

provisions of this act are hereby declared to be self-executing." Repealed. For current provisions see MCL 450.1922, 450.1923; MSA 21.200(922), 21.200(923).

[2] "All profit corporations whose charters have become void under the provisions of section 91 of Act No. 327 of the Public Acts of 1931, being section 450.91 of the Compiled Laws of 1948, because of failure to file reports or to pay the fees may file such reports and pay such fees and may file annual reports and pay fees for every subsequent intervening year, plus 6% interest per annum and a penalty of 10% on all fees paid hereunder, prior to January 1, 1973. Upon acceptance and filing of such reports and the payment of such fees and all penalties, the voidance of charter of the corporation shall be waived, and it shall be revived in full force and effect." Repealed. For current provisions, see MCL 450.1925; MSA 21.200(925).

cer on breach of fiduciary duties as an officer and director pursuant to MCL 450.47; MSA 21.47, now MCL 450.1541; MSA 21.200(541), and, thirdly, found Spencer individually liable based on a partnership theory. We find personal liability on the partnership theory and accordingly will not consider the two statutory bases.

The trial court made the following pertinent findings of fact: Spencer had invested substantial amounts in defendant corporation and was its only president during its existence; his activity on behalf of the business was initially frequent and regular; prior to August 1, 1971, he had attempted to negotiate a transfer of his interest to Cornelius Hoezee and thereafter left the daily business operation to Hoezee and Nagy; the transfer to Hoezee was never consummated and Spencer actively reentered the operation of the business in August, 1972, after Hoezee became seriously ill; defendant Spencer was a part owner of the business from its inception on November 13, 1967, through September, 1972, and never thereafter terminated his ownership thereof through the time of trial.

We agree that Spencer, as 50% owner of a continuing corporate business operating under a void charter, had the rights and duties of a general partner. One engaging in business operations can expect to be personally liable for business debts; if an entrepreneur seeks to avoid personal liability and obtain privileges of corporate status, he must comply with the laws of the state pertaining to corporations. Defendant Spencer, president and one of two stockholders of the corporation, who initially had participated in the operation of the business, should not be able to avoid liability for debts incurred after the charter was permitted to expire.

The rights and powers of a corporation, the charter of which has been voided for failure to file annual reports, were defined in MCL 450.75; MSA 21.75.[3] See *Berry Door Corp v Tom McDonnell, Inc,* 336 Mich 177; 57 NW2d 487 (1953). Such corporations are expressly prohibited from continuing in the operation of the business for which the corporation was organized.

The trial court relied upon *Campbell v Rukamp,* 260 Mich 43; 244 NW 222 (1932), a case differing factually in that the proposed corporation was never initially organized. In that case, conditions precedent to the achievement of corporate status were not met and the Court found the corporation never reached the state of being either a de jure or a de facto corporation and, accordingly, could not exercise corporate powers or assert corporate rights. Although Zeeland Feeder Pig, Inc., was validly incorporated initially, it lost its de jure status by failure to meet conditions subsequent to incorporation when the charter was forfeited for failure to file annual reports.

Generally, a corporation failing to meet conditions subsequent to incorporation retains a de facto status which cannot be collaterally attacked by creditors. When, however, the corporate charter has been voided by the state and the principals continue to carry on the business for which the corporation was organized, we will not impute a de facto status to defeat the rights of creditors. That

---

[3] "All corporations whose charters shall have expired by limitation or dissolution or shall be annulled by forfeiture or in any other way or manner have become void shall nevertheless continue to be bodies corporate for the further term of 3 years from such expiration, dissolution or forfeiture for the purpose of prosecuting and defending suits for or against them and of enabling them gradually to settle and close their affairs and to dispose of and convey their property and to divide their assets; but not for the purpose of continuing the business for which the corporations were organized." Repealed. For current provisions see MCL 450.1833, 450.1834; MSA 21.200(833), 21.200(834).

is not to say that a de facto status might not be imputed to Zeeland if the corporation were engaged in the dispositional activities authorized by MCL 450.75, particularly if this would protect third persons dealing with the entity.

The Supreme Court in *Campbell* stated, p 46:

" 'If a single individual assumes to act as a corporation and to contract as such, where there is no corporation either *de jure* or *de facto,* he will be individually liable on the contract; and individual liability will also attach to all of the stockholders or members of a pretended but nonexisting corporation on contracts entered into in its name if they have expressly or impliedly authorized the contract.' 14 C.J. p 200."

Spencer did nothing to keep the corporation in good standing nor did he follow through with an intention to disassociate himself from the business.

In other jurisdictions, principals of corporations continuing to do business after the forfeiture of the corporate charter and thereby incurring new indebtedness have been held personally liable to creditors.[4]

*In re Hare,* 205 F Supp 881 (DC Md, 1962), is factually similar to the instant case in that the charter of Hare Bros., Inc., was forfeited for failure to pay annual franchise taxes and file annual reports. The operation of the business was continued and new indebtedness incurred following the forfeiture. The court stated, p 883:

"[1] Persons who continue business operations and incur debts in the name of a forfeited corporation, after

[4] 19 Am Jur 2d, Corporations, § 1650, *First National Bank of Boston v Silberstein,* 398 SW2d 914 (Tex, 1966), *Commercial National Bank of Council Bluffs v Gilinsky,* 142 Iowa 178; 120 NW 476 (1909), *In re Hare,* 205 F Supp 881 (DC Md, 1962).

forfeiture and prior to revival, are individually liable for such debts. This general principle is set forth in *Guilford Builders Supply Co. v. Reynolds,* 249 N.C. 612, 107 S.E. 2d 80, 83 (1959):

"'Under certain circumstances, stockholders, officers and directors may be held liable as individuals or partners when such stockholders, officers and directors permit the charter of a corporation to expire, and continue to obtain credit for or on behalf of a purported but nonexistent corporation.'

"See also: 1 Mechem, Agency (1914 Ed.), § 1385, et seq. and *Norton v. Supreme Fuel Sales Co.,* 72 F. Supp. 287 (D.C.N.J. 1947) and *Studerus Oil Co. v. Bienfang,* 122 N.J.L. 238, 4 A.2d 787 (1939), where officers and directors were held individually liable for contracting in the name of the forfeited corporation, when, at the time of trial, the charter had not yet been revived."

The charter had not been revived in *Hare* and the court states that under Maryland law revival generally has the effect of absolving individuals who have contracted in the corporate name of their personal liability.

We decline to find that the revival of the charter by Spencer two weeks after suit was commenced terminated individual liability. There is no statutory authority making the revival retroactive as to personal liability which may be incurred while the corporate charter is suspended or finally declared "absolutely void, without any judicial proceedings whatsoever". MCL 450.91; MSA 21.91.

We are aware that the corporation was insolvent at the time Spencer filed the delinquent reports and we believe the better policy is not to reward noncompliance with annual reporting requirements by the reinstatement of the corporate shield to defeat the rights of creditors.

Affirmed with costs awarded to plaintiff-appellee.