## COLE v. COLE.

No. 7717.   Decided January 11, 1952.   (239 P. 2d 615.)

See 27 C. J. S., Divorce, sec. 239. Divorce and Alimony decree, modification of. 17 Am. Jur., Divorce and Separation, sec. 536.

*King & Anderson,* Salt Lake City, for appellant.

*Dudley D. Crafts,* Delta, for respondent.

WOLFE, Chief Justice.

The defendant appeals from a denial of her request for modification of a divorce decree. On May 18, *1936* the plaintiff Winslow C. Cole was granted a divorce from the defendant Marguerite D. Cole on the grounds of desertion. He counterclaim for separate maintenance was denied. No children were born of the marriage. The decree of divorce required the plaintiff to pay to the defendant one-half the value of the parties' community property, repay a sum of

money which the defendant had loaned to the plaintiff and pay $60 per month alimony for one year and $30 per month the following year, "unless the court otherwise orders and directs." These payments were made, and thereafter plaintiff made no further contributions to the support of his ex-wife, nor was additional alimony requested. On February 23, *1951* the defendant filed a petition for modification of divorce decree so as to require the plaintiff to pay $150 per month alimony or $6,000 in lieu thereof as a lump sum settlement for the ensuing six-year period.

The trial court found that plaintiff's income was $2,250 per year in 1936; that it is now $5,250; that plaintiff is now sixty-two years of age, is married and has a son age eleven and a daughter age ten dependent upon him for support; that he owns property consisting of a home, farming lands and water stock of a value of $37,857 plus an apartment house which is owned by plaintiff and his wife, worth $6,000 above encumbrances. The defendant, at the time of the divorce, earned $150 per month as a school teacher. She is now partially deaf and has high blood pressure and a heart ailment, all of which prevent her from obtaining gainful employment. For several years she has been dependent upon her sisters and brothers and other relatives for her maintenance. Defendant has no property except an interest worth approximately $500 as an heir in her father's estate.

Considerable argument is devoted to the problem of whether a divorce decree which provides for alimony for two years can be modified fourteen years later so as to require the husband to pay additional alimony for the support of his former wife. We do not decide this question in this case.

We do agree with the trial court that even if such modification were permitted, it would be unreasonable under all the facts and circumstances of this case to require the plaintiff once again to contribute to the defendant's sup-

port. It would be unjust to the present dependents of the plaintiff to require him to support his former wife from whom he became divorced because of her desertion. Plaintiff's age, the lapse of time since the divorce, his present financial condition and earning ability are not such as to justify an order of modification of the divorce decree. See the factors taken into consideration in determining the rights and obligations of parties to a divorce suit in *Pinion* v. *Pinion*, 92 Utah 255, 67 P. 2d 265; *MacDonald* v. *MacDonald*, 119 Utah 504, 226 P. 2d 1066. It is true that a substantial change has occurred in both parties' material circumstances. Plaintiff is employed as a water commissioner at a salary of $350 per month and has a net income of $900 per year from his farm property. The defendant is unable to obtain gainful employment. But after a tewlve-year lapse of time since he quit paying alimony as an incident to a divorce decree granted to him for her desertion, we do not believe that he should once again be compelled to bear the burden of her support.

This opinion is substantially a publication of the memorandum decision written by the trial judge. Judge Hoyt's opinion has been most helpful to the author. The judgment is affirmed. Costs awarded to respondent.

WADE, McDONOUGH and CROCKETT, JJ., concur.

HENRIOD, Justice (concurring).

I concur in the result, although for another reason. The decree awarded plaintiff a divorce from his wife, the defendant, on grounds of desertion, but nevertheless awarded defendant certain property and a limited amount of alimony,—proper under the decisions of this court.[1] The alimony award was in the following abbreviated language:

"* * * that the plaintiff pay * * * to defendant as alimony * * * the sum of $60 per month for *a period of 1 year*

[1] *Alldredge* v. *Alldredge*, 119 Utah 504, 229 P. 2d 681.

\* \* \* and after the expiration of 1 year \* \* \* the sum of $30 per month *for 1 year;* \* \* \* unless the court otherwise order and direct."

It seems that the only reasonable interpretation of such language is to fix a maximum 2-year alimony paying period, after which any right to alimony would be foreclosed unless one of the parties sought modification of the award during such period. It would appear that defendant herself so construed the language quoted, since she made no effort to have the decree modified for 14 years.

Heretofore we have held that where alimony is not awarded, none can be claimed thereafter in the absence of proof that the decree was based on fraud, deceit or misrepresentation.[2] After the two-year period had elapsed, the parties were in the same position as though alimony had not been awarded, and the principle enunciated should control.

[2]*Cody* v. *Cody,* 47 Utah 456, 154 P. 952.