CHARLES A. TORRENCE COMPANY, T/A TORRENCE BLUEPRINT & GRAPHICS CO. v. MOODYE R. CLARY, ET AL., T/A CLARY, MARTIN, McMULLEN & ASSOCIATES, INC.

No. COA95-186

(Filed 19 December 1995)

**Corporations § 104 (NCI4th)— corporate charter suspended— officer not personally liable for debts of corporation**

An officer of a corporation whose charter has been suspended has no personal liability for debts incurred by the corporation during the period of suspension where the offier had no knowledge, at the time the debts were incurred, that the corporate charter had been suspended.

**Am Jur 2d, Corporations, §§ 1190 et seq.**

Appeal by plaintiff from judgment filed 3 December 1994 in Mecklenburg County District Court by Judge Philip F. Howerton, Jr. Heard in the Court of Appeals 14 November 1995.

*Harkey, Lambeth, Nystrom & Fiorella, by Philip D. Lambeth, for plaintiff-appellant.*

*James, McElroy & Diehl, P.A., by Richard A. Elkins and Paul P. Browne, for defendant-appellee.*

GREENE, Judge.

Charles A. Torrence Company, t/a Torrence Blueprint & Graphics Co. (plaintiff), appeals the dismissal of its claim against Moodye R. Clary (defendant), on a claim by plaintiff for money owed on an account.

The undisputed facts show that plaintiff provided services to Clary, Martin, McMullen & Associates, Inc. (the Corporation), between 24 April 1991 and 26 March 1992, upon which there remains an account balance of $14,230.49, plus interest. The Corporation's charter was suspended on 17 November 1989, pursuant to N.C. Gen. Stat. § 105-230, for failure to pay franchise taxes and remained in a state of suspension through the date of the trial of this action. The defendant, a shareholder, president and director of marketing of the Corporation, did not learn of the corporate charter suspension until September 1992. All invoices and statements for monies due to plaintiff were sent to the Corporation and not to any of its owners, including defendant. The defendant did not guarantee any of the Corporation's debt owed to plaintiff. The trial court concluded that because the defendant had no knowledge that the charter had been suspended at the time the debt was incurred, the defendant could not be held personally liable for the Corporation's debt to plaintiff.

---

The dispositive issue is whether an officer of a corporation whose charter has been suspended has any personal liability for debts incurred by the corporation during the period of suspension.

Our legislature has provided that any person who "shall exercise or by any act attempt to exercise any powers, privileges, or franchises under articles of incorporation or certificate of authority after the same are suspended . . . shall pay a penalty." N.C.G.S. § 105-231 (1992). Our statutes are silent on whether the shareholders, directors and officers have any personal liability for debts incurred on behalf of

a corporation during the time the charter is suspended. The general rule is that the shareholders of a corporation whose charter has been suspended "are not made individually liable for its debts incurred during the suspension." 19 Am. Jur 2d *Corporations* § 2887 (1986). "The 'corporate veil' is not pierced, because the suspension was only designed to put 'additional bite' into the collection of franchise taxes, but not to deprive the shareholders of the normal protection of limited liability." *Id.* On the other hand, directors and officers are personally liable for corporate obligations incurred by them on behalf of the corporation, or by others with their acquiescence, if at that time they were aware that the corporate charter was suspended. *Id.; Pierce Concrete, Inc. v. Cannon Realty & Constr. Co.*, 77 N.C. App. 411, 414, 335 S.E.2d 30, 31-32 (1985); *see* N.C.G.S. § 55-8-30(c) (1990); N.C.G.S. § 55-8-42(c) (1990). Shareholders, directors and officers "of a pretended corporation which is neither a *de jure* nor a *de facto* corporation are generally held personally and individually liable . . . for the debts of the pretended corporation . . . without any reference to whether the persons sought to be held liable, actively participated in contracting the debt." *Supply Co. v. Reynolds*, 249 N.C. 612, 616, 107 S.E.2d 80, 83 (1959).

In this case, the evidence is that the defendant was an officer of a lawful corporation but had no knowledge, at the time the debt was incurred on behalf of the Corporation, that the corporate charter was suspended. Accordingly, the defendant has no personal liability for the Corporation's debt to the plaintiff and the trial court correctly dismissed the complaint.

Affirmed.

Judges MARTIN, Mark D., and McGEE concur.