J. Lynn WILDE, Plaintiff and Appellee,

v.

Sherrie D. WILDE, Defendant and Appellant.

No. 971318–CA.

Court of Appeals of Utah.

Dec. 3, 1998.

Douglas G. Mortensen, Matheson, Mortensen, Olsen, Jeppson, PC, Salt Lake City, for Appellant.

Kent T. Yano, Salt Lake City, for Appellee.

Before WILKINS, Associate P.J., and BILLINGS and JACKSON, JJ.

## OPINION

WILKINS, Associate Presiding Judge:

Defendant Sherrie D. Wilde appeals the trial court's order entered on April 17, 1997 dismissing defendant's amended petition to modify her alimony award. We affirm in part, reverse in part, and remand for further proceedings.

## BACKGROUND

J. Lynn Wilde (plaintiff) and Sherrie D. Wilde (defendant) were divorced in June 1987, after twenty-five years of marriage. Pursuant to the divorce decree, the trial court awarded defendant alimony in the sum of $200 per month for seven years. In 1992 the court modified the decree, increasing the alimony award to $318 per month. While the court did not expressly alter the original term of the alimony, it ordered the plaintiff to pay retroactive arrearages through October 1994.

On August 23, 1994, four months after defendant's alimony award was scheduled to terminate, but before plaintiff had completed the payments, defendant filed another petition to modify the divorce decree alleging substantial and material changes in circumstances including a substantial increase in plaintiff's income, substantial decrease in defendant's income, and defendant's contraction of rheumatoid arthritis. In this petition, defendant sought additional alimony on a permanent basis or until she could gain other employment.

In November 1995, defendant filed a motion to amend the original petition. The court granted the motion, and two months later, the defendant filed an amended petition. In addition to restating her request for additional alimony, the amended petition alleged new facts which accused the plaintiff of orchestrating the original divorce so as to deprive the defendant of a larger share of the marital estate.

During the interim between the filing of the original and amended petitions, an amendment to Utah Code Ann. § 30–3–5 became effective, whereby the court could only modify or award new alimony upon, among other things, a showing of "extenuating circumstances." [1] Utah Code Ann. § 30–3–5(7)(g)(ii) (1995) (amending L.1994, ch. 284).

At trial, plaintiff presented a motion in limine to bar inquiry into the fraud and misrepresentation allegedly perpetrated by the plaintiff before the entry of the divorce decree. The court granted this motion.

At the trial's conclusion, the court dismissed the amended petition. In its order, the court ruled that the May 1995 revisions to section 30–3–5 applied because the defendant filed the amended petition after the effective date of the May 1995 amendments, and the amended petition contained new allegations regarding her request for alimony. Applying the 1995 version of the statute, the court ruled that while defendant's rheumatoid arthritis did constitute a substantial material change in circumstance to justify a modification of the divorce decree, this was not the same as the "extenuating circumstances" required by the 1995 statute. The court also stated, without further explanation, that even if the 1995 amendments did not apply, the order would still be the same.

## ISSUES

On appeal, defendant maintains that the district court erred by: (1) applying the 1995 version of section 30–3–5 to her petition to modify the alimony award; (2) ruling that "extenuating circumstances" did not exist to justify an increase in alimony; (3) precluding defendant from presenting evidence of plaintiff's culpability in allegedly hiding assets and other information at the time of the original divorce proceedings; (4) concluding that there was no legal basis to award defendant new alimony; (5) finding that defendant was capable of contributing toward her support and could work part-time; (6) ruling defendant's depression did not constitute a change of circumstance; and (7) denying defendant's request for costs and attorney's fees.

---

1. When defendant filed her original petition to modify the divorce decree in August of 1994, Utah Code Ann. § 30–3–5 (1994) was operative. This statute provided in relevant part:

   (3) The court has continuing jurisdiction to make subsequent changes or new orders for the support and maintenance of the parties, the custody of the children and their support, maintenance, health, and dental care, or the distribution of the property and obligations for debts as is reasonably necessary.

   Utah Code Ann. § 30–3–5(3) (1994).

   Effective May 1, 1995, the Legislature revised section 30–3–5 to include for the first time, among other things, subsection (7)(g)(ii) which forbids a new or modified alimony order absent "extenuating circumstances." Utah Code Ann.

§ 30–3–5 (1995). The revised statute provides in pertinent part:

   (7)(g)(i) The court has continuing jurisdiction to make substantive changes and new orders regarding alimony based on a substantial material change in circumstances not foreseeable at the time of the divorce.

   (ii) The court may not modify alimony or issue a new order for alimony to address needs of the recipient that did not exist at the time the decree was entered, unless the court finds extenuating circumstances that justify that action.

   (iii) In determining alimony, the income of any subsequent spouse of the payor may not be considered, except as provided in this subsection.

   *Id.* § 30–3–5(7)(g) (1995).

## STANDARDS OF REVIEW

Whether a trial court correctly determined which version of a law applies is a legal conclusion that we review for correctness, according no deference to the trial court. *See Shaw v. Layton Const. Co.*, 872 P.2d 1059, 1061 (Utah Ct.App.1994).

In refusing to admit evidence on the issue of plaintiff's alleged fraud or concealment, a trial court has broad discretion. *See State v. Pena*, 869 P.2d 932, 938 (Utah 1994). We will not disturb such a ruling absent an abuse of discretion. *See State v. Casias*, 772 P.2d 975, 977 (Utah Ct.App.1989).

The trial court's finding that the defendant was capable of contributing toward her support and able to work part-time is a factual finding which we will not disturb absent clear error. *See Hagan v. Hagan*, 810 P.2d 478, 481 (Utah Ct.App.1991).

"The determination of the trial court that there [has or has not] been a substantial change of circumstances ... is presumed valid." *Wells v. Wells*, 871 P.2d 1036, 1038 (Utah Ct.App.1994) (citation omitted). Accordingly, we review the trial court's ruling of no substantial change in circumstances arising from the defendant's depression for an abuse of discretion. *See id.*

Defendant further challenges the trial court's denial of attorney fees and costs. "An award of attorneys fees [and costs] in divorce actions rests within the sound discretion of the trial court, which we will not disturb absent an abuse of discretion." *Id.* at 1038 (citation omitted); *accord* Utah Code Ann. § 30–3–3 (1995).

## ANALYSIS

### A. *Change in the Law*

Defendant first argues that the trial court erroneously applied the 1995 version of Utah Code Ann. § 30–3–5, rather than its predecessor, to her petition to modify the alimony award.

The general rule followed in Utah is that "the substantive law to be applied throughout an action is the law in effect at the date the action was initiated." *State v.* *Shipler*, 869 P.2d 968, 970 (Utah Ct.App. 1994) (citations omitted). It is also clear under Utah Rule of Civil Procedure 15(c), that the initiation date of an action is the filing of the original, rather than the amended, complaint or petition. *See* Utah R. Civ. P. 15(c). Moreover, statutory enactments which "affect substantive or vested rights generally operate only prospectively." *Department of Soc. Serv. v. Higgs*, 656 P.2d 998, 1000 (Utah 1982); *see generally Barron's Law Dictionary* 381 (3d ed.1991) (defining "prospective" as law applicable only after date it was enacted or decided). However, if a statutory amendment is deemed procedural or remedial, then it applies to all actions— those which have accrued or are pending (pending from time of commencement until final determination), and to future actions. *See Moore v. American Coal Co.*, 737 P.2d 989, 990 (Utah 1987); *Higgs*, 656 P.2d at 1001. In other words, a statute may be applied retroactively "if it affects only procedural and not substantive rights." *Washington Nat'l Ins. Co. v. Sherwood Assoc.*, 795 P.2d 665, 667 (Utah Ct.App.1990).

A substantive law "creates, defines and regulates the rights and duties of the parties which may give rise to a cause of action." *Olsen v. Samuel McIntyre Inv. Co.*, 956 P.2d 257, 260 (Utah 1998) (citation omitted). When the Legislature amends a statute, we presume that it intended the amendment "to change existing legal rights." *Id.* By contrast, a procedural law "prescribes the practice and procedure or the legal machinery by which the substantive law is determined or made effective," *id.*, or "simply clarifie[s] the legislature's previous intentions." *Washington Nat'l*, 795 P.2d at 669. Procedural statutes do not "enlarge, eliminate, or destroy vested or contractual rights." *Moore*, 737 P.2d at 990 (citations omitted). Moreover, a court should "narrowly draw[ ] the boundaries of what constitutes a procedural statute." *Olsen*, 956 P.2d at 261.

The 1995 amendment provides that one's right to receive additional alimony is justified only upon a showing of "extenuating circumstances." As such, the amendment

regulates a party's right to receive alimony and is a substantive change in the law. Accordingly, we apply the law in effect at the date of the filing of the original petition—the 1994 version of the statute. The trial court's ruling that the 1995 version of the statute applied was in error.

### B. New Award of Alimony

Defendant contends that the trial court erred in concluding that no legal basis existed to grant her a new award of alimony after the scheduled termination of the original award.

Defendant also claims that the trial court erred in ruling that no "extenuating circumstances" existed to justify an increase in the alimony award. Because we hold that defendant's alimony claim is not governed by the 1995 version of section 30-3-5, we need not and do not address the question of what constitutes "extenuating circumstances." Moreover, defendant maintains that the trial court erred in refusing to admit evidence on the issue of plaintiff's alleged fraud or concealment. She argues that this ruling denied her the opportunity to establish "extenuating circumstances." Again, because defendant's alimony claim is not governed by the 1995 version of the statute, we need not address this argument further.

■ Under *Cole v. Cole*, 121 Utah 151, 239 P.2d 615 (1952), and its progeny, when alimony is still being paid, an application for new alimony is timely. *See, e.g., Naylor v. Naylor*, 700 P.2d 707, 708 (Utah 1985) (entertaining modification request when alimony award was ongoing); *Wells*, 871 P.2d at 1040 (entertaining modification request when alimony award was one-dollar per year); Russell G. Donaldson, Annotation, *Power to Modify Spousal Support Award For a Limited Term, Issued in Conjunction with Divorce, So as to Extend the Term or Make the Award Permanent*, 62 A.L.R.4th 180, 219–20 (1988) (acknowledging court's jurisdiction to hear modification request after alimony award expired when supporting spouse remained in arrears when request was filed).

■ We hold that in considering the timeliness of a motion to modify an alimony award, it is the date upon which all awarded alimony has been *paid* to the receiving spouse that marks termination of the alimony obligation and hence the opportunity to seek a modification of that obligation. The actual date the last required payment is made controls, not the date upon which alimony was or is scheduled to terminate. In this instance, when defendant filed the original petition to modify in August 1994, the plaintiff was still *paying* alimony pursuant to the 1992 modification. Under those circumstances, defendant's petition to modify was timely.

■ In this case, the trial court made findings that defendant's arthritis was a substantial material change in circumstance, uncontemplated by the parties at the time of the divorce. Because this threshold requirement was satisfied, and the court sufficiently considered in the defendant's favor, the factors set forth in *Jones v. Jones*, 700 P.2d 1072, 1075 (Utah 1985), (requiring court, before modification, to find substantial change of circumstances, then consider [1] obligee's financial needs; [2] obligee's ability to earn; and [3] obligor's ability to pay), the court could properly award alimony under the applicable law. The trial court's erroneous reliance on the newer statute constitutes an abuse of discretion. Accordingly, we reverse the trial court's ruling denying alimony to defendant and remand for a determination of the amount and duration of additional alimony owed to the defendant.

### C. Defendant's Work Capability

Next, defendant challenges the trial court's finding that she is capable of contributing toward her own support and is able to work part-time. Specifically, she asserts that the record is devoid of support for the trial court's findings on this issue.

■ We conclude that the trial court's finding of defendant's ability to work is well supported by the evidence. The trial court had an opportunity to observe the defendant during trial and viewed two videotapes of the defendant where the defendant, among other things, walked to her car and performed yardwork. Also, trial testimony from defendant's rheumatologist revealed a 65 to 70

percent chance that defendant could return to work. Based on this evidence, the trial court found the defendant was capable of working, albeit only under optimal conditions. Because we are not convinced that the trial court's findings are against the clear weight of the evidence, we affirm. *See Hagan,* 810 P.2d at 483.

### D. · *Defendant's Depression*

Defendant also challenges the trial court's ruling that her depression did not constitute a substantial material change in circumstances that would warrant a modification of alimony.

The trial court found that defendant's depression did not constitute a material change in circumstances not contemplated when the decree of divorce was entered because her depression was caused by her inability to reconcile herself with the then-impending divorce and arose before the entry of the original divorce decree. Defendant has failed to marshall all of the evidence presented to the trial court that supports this factual finding, and to then demonstrate the fatal flaw in that evidence requiring us to find to the contrary. In so doing, defendant has failed to adequately challenge these factual findings and we will not impose a different result.

### E. *Costs and Attorney Fees*

Finally, defendant maintains that the trial court abused its discretion in denying her costs and attorney fees in pursuing this action, and she requests attorney fees and costs on appeal.

A trial court may award costs and attorney fees in divorce and modification proceedings. *See* Utah Code Ann. § 30-3-3 (1995); *Crockett v. Crockett,* 836 P.2d 818, 821 (Utah Ct.App.1992). Both the decision to award attorney fees and the amount of such fees are within the trial court's sound discretion. *See Crouse v. Crouse,* 817 P.2d 836, 839 (Utah Ct.App.1991). However, "the award [or denial of such fees] must be based on evidence of the financial need of the receiving spouse, the ability of the other spouse to pay, and the reasonableness of the re-

quested fees." *Bell v. Bell,* 810 P.2d 489, 493 (Utah Ct.App.1991). Failure to consider these factors is grounds for reversal on the fee issue. *See Marshall v. Marshall,* 915 P.2d 508, 517 (Utah Ct.App.1996).

In the present case the trial court ordered both parties to pay their own attorney fees and costs, but made no findings regarding defendant's need for the award, the ability of the plaintiff to pay attorney fees or costs, or the reasonableness of defendant's requested fees. In short, the court gave no explanation for requiring each party to bear his or her own fees and costs. The absence of these findings prevents a meaningful review of ·the trial court's ruling. *See id.; Bell,* 810 P.2d at 494 (providing it is abuse of discretion for court to award less than claimed amount for attorney fees without any reasonable justification). We therefore remand to the trial court to reconsider defendant's request for attorney fees and costs incurred in the proceedings on the petition to modify the divorce decree in light of this opinion, and to make the required findings in support of its determination.

Because defendant has prevailed in large part on appeal, and the record demonstrates her financial need and plaintiff's ability to pay, we exercise our discretion and award defendant attorney fees and costs on appeal. Accordingly, we also remand to the trial court to determine the amount of attorney fees reasonably incurred on appeal.

## CONCLUSION

We hold that the prior version of section 30-3-5 applies to this action because it was in effect at the time the original petition to modify the divorce decree was filed, and the new version of the statute constitutes a substantive change in the law that does not apply retroactively. We also hold that the petition to modify was timely because it was filed before plaintiff had made the final payment of alimony under the then-existing obligation of the decree, even though the scheduled time for expiration of the alimony obligation had already passed. Based upon the trial court's findings that the defendant's arthritis constitutes a substantial material

change in circumstances not contemplated at the time of the original divorce decree, that defendant has financial need, that the defendant has the ability to provide for herself in part, and that the plaintiff has the ability to pay additional alimony, we reverse and remand to the trial court for three purposes: (1) to determine the amount and duration of additional alimony to be awarded to the defendant; (2) to determine the amount of attorney fees reasonably incurred on appeal by the defendant; and (3) to reconsider whether or not the defendant should be awarded attorney fees incurred at trial on the petition to modify, and if so, the amount thereof, all supported by the required findings of fact. In all other respects, we affirm the trial court's ruling.

BILLINGS and JACKSON, JJ., concur.