Scott A. **MESLER**, Respondent,

v.

**DIRECTOR OF REVENUE**, Appellant.

No. 73821.

Missouri Court of Appeals,
Eastern District,
Division Two.

Jan. 5, 1999.

Jeremiah W. (Jay) Nixon, Atty. Gen., Isham R. Jones, III, Asst. Atty. Gen., Jefferson City, for appellant.

Mary P. Schroeder, St. Louis, for respondent.

CRAHAN, Judge.

The Director of Revenue (Director) appeals from the circuit court's judgment reinstating the driver's license of Scott Mesler (Mesler) after the Director had suspended it pursuant to section 302.505, RSMo 1994. We reverse and remand.

On January 5, 1997, Officer Ronald Fiala of the City of St. Louis police department pulled over Mesler for speeding. While speaking to Mesler, Fiala smelled a strong odor of alcoholic beverage on his breath. He also noticed that Mesler's eyes were bloodshot and had a poor reaction to light. Mesler refused to perform several field sobriety tests. However, Fiala performed the gaze nystagmus test on Mesler, which he failed. Fiala then arrested Mesler for driving while intoxicated and transported him to the police station. Mesler consented to a breathalyzer test that displayed a blood alcohol content of .11 percent. Based on these test results, the Director suspended Mesler's driving privileges. Mesler filed a petition for trial de novo with the circuit court pursuant to section 302.535, RSMo 1994.

At trial, Officer Fiala testified regarding Mesler's arrest and Officer Ronald Gilmore testified about the breathalyzer test. When Gilmore testified about Mesler's test results, Mesler objected for lack of foundation because there was no evidence the breathalyzer had been properly inspected and was running properly and further, no probable cause to arrest Mesler. Officer George Jefferson testified regarding the maintaining of the breathalyzer used to test Mesler.

Following Jefferson's testimony, the Director offered into evidence the checklist (Exhibit B), the printout with Mesler's breathalyzer test results (Exhibit C), and the maintenance report with attachments (Exhibit D). Mesler objected to the test results on his "prior grounds." He objected to admission of the maintenance report because: (1) at the time it prepared the certificate of analysis, RepCo Marketing, Inc., was an administratively dissolved corporation in its state of incorporation, North Carolina; (2) the certificate of analysis contained hearsay; and (3) the certificate of analysis failed to indicate the manufacturer of the solution as required by the Department of Health regulations.

Mesler offered a certified copy from the State of North Carolina that showed RepCo Marketing, Inc. had been administratively dissolved on August 11, 1993. The court refused an uncertified copy of a certificate of reinstatement from Director, but allowed them until 5:00 p.m. that day to file a certified copy. The court indicated that if the certified copy of reinstatement was not filed, it would exclude exhibits B, C, and D. Director failed to file a certified copy of reinstatement. On December 3, 1997, the court found that Mesler did not have a BAC of .10 percent or more by weight and reinstated Mesler's driving privileges. Director appeals.

Our review is governed by *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). Pursuant to that standard, the circuit court's judgment will be affirmed unless there is no substantial evidence to support it, it is against the weight of the evidence or it erroneously declares or applies the law. *Id.*

On appeal, Director asserts the circuit court erred in failing to admit evidence of Mesler's breathalyzer test results because Director laid a proper foundation for its admission.

■ To establish the foundation for admitting the breath test results, the Director had to demonstrate that the test was performed: (1) by following the approved methods and techniques of the Department of Health; (2) by a person holding a valid permit; and (3) on equipment and devices approved by the Department of Health. *Rogers v. Director of Revenue*, 947 S.W.2d 475, 477 (Mo.App. E.D. 1997). The only disputed issue in this case is whether the Director showed the test was performed by following the approved methods and techniques of the Department of Health, particularly regulation 19 CSR 25–30.051.

Director asserts she did present sufficient proof because: (1) she only needed to show compliance with 19 CSR 25–30.051(4); (2) the issue of administrative dissolution does not render the certificate of analysis void; and (3) the maintenance officer's unchallenged testimony alone established the proper foundation. In response, Mesler argues the breathalyzer test results should be excluded because (1) the administrative dissolution is relevant because the business records exception to the hearsay rule requires the records be made in the regular course of business; (2) the certificate of analysis fails to conform to 19 CSR 30.051(3); and (3) the certificate of analysis is inadmissible hearsay because it fails to indicate that RepCo is the manufacturer of the solution.

■ We agree that the Director established a proper foundation for admission of the breath test results. We find that Director's contention that the maintenance officer's testimony established that foundation to be dispositive of the issues raised in this case. At trial, Officer George Jefferson testified that on December 31, 1996, he performed a maintenance check on the breathalyzer used to test Mesler. Jefferson prepared a maintenance report. He attached to the maintenance report the printouts from the machine and the certificate of analysis for the solution that he used to

calibrate the machine. He stated that the solution he used was manufactured by Rep-Co Marketing, Inc., and was from lot number 96001, with an expiration date of May 26, 1997. He further testified that he received the certificate of analysis with the simulator solution and attached it to the maintenance report. He stated the breathalyzer was operating properly and within Department of Health regulations and specifications. Mesler offered no objection to Jefferson's testimony.

 Jefferson's testimony established the necessary foundation for admission of the breathalyzer test results. *Green v. Director of Revenue,* 952 S.W.2d 781, 783 (Mo.App. S.D.1997); *Mullins v. Director of Revenue,* 946 S.W.2d 770, 772–73 (Mo.App. E.D.1997). Mesler's arguments all pertain to the validity and admissibility of the certificate of analysis. However, these arguments are not an issue where the officer testifies that he used a certified solution to verify and calibrate the machine. *Green,* 952 S.W.2d at 783; *Mullins,* 946 S.W.2d at 773. If the officer responsible for maintaining the breathalyzer provides the necessary foundation, the admission of the maintenance report and certificate of analysis pursuant to the business records exception is unnecessary.

Furthermore, subsection (4) of 19 CSR 25–30.051 provides that maintenance reports completed on or after March 26, 1996, but before September 1, 1997, are valid "if a certificate of analysis was supplied with the simulator solution." Here, Jefferson testified that he prepared the maintenance report on December 31, 1996 and he received the certificate of analysis in question with the simulator solution that he used to calibrate the breathalyzer. Under subsection (4), this testimony is sufficient to show Jefferson complied with the Department of Health regulations in maintaining the breathalyzer.

 Furthermore, Mesler's contention that RepCo Marketing, Inc. has been administratively dissolved is irrelevant. Although the evidence may have shown RepCo had been dissolved, this does not mean that any actions taken by RepCo during dissolution were automatically void. Upon dissolution, a corporation continues its existence, but gen-erally may not carry on any business except that appropriate to wind up and liquidate its business. *See,* N.C.G.S. section 55–14–05 (1997); section 351.476, RSMo 1994. However, even upon dissolution, a given corporation may unlawfully continue carrying on business in contravention of the statutes. When this occurs, not all actions are voided. Instead, many actions are upheld, but the officers may become personally liable for any of those actions. *See, Charles A. Torrence Co. v. Clary,* 121 N.C.App. 211, 464 S.E.2d 502 (N.C.App.1995); *Pierce Concrete, Inc. v. Cannon Realty & Const. Co.,* 77 N.C.App. 411, 335 S.E.2d 30 (N.C.App.1985). *Compare Leibson v. Henry,* 356 Mo. 953, 204 S.W.2d 310 (Mo. banc 1947). In the case at hand, the certificate of analysis is not void because of RepCo's dissolution. Further, nothing in the Department of Health regulations requires that the certificate of analysis be issued by a corporation in good standing.

The Director established a sufficient foundation for admission of Mesler's test results, which showed Mesler had a BAC of .11 percent. Therefore, the trial court erred in finding Mesler did not have a BAC of .10 percent or more by weight. The judgment of the trial court is reversed and remanded for the trial court to enter judgment reinstating the suspension of Mesler's driving privileges.

JAMES R. DOWD, P.J., and RICHARD B. TEITELMAN, J., Concur.