2007 UT App 369

**Donald E. TERRY, Plaintiff and Appellant,**

v.

**WILKINSON FARM SERVICE COMPANY, Defendant and Appellee.**

**No. 20060855–CA.**

Court of Appeals of Utah.

Nov. 16, 2007.

Michael F. Olmstead, Ogden, for Appellant.

H. Thomas Stevenson and Benjamin C. Rasmussen, Ogden, for Appellee.

Before BENCH, P.J., DAVIS and McHUGH, JJ.

## OPINION

DAVIS, Judge:

¶ 1 Plaintiff Donald E. Terry appeals the trial court's denial of his motion for summary judgment and the court's grant of summary judgment in favor of Defendant Wilkinson Farm Service Company (Wilkinson). We affirm.

## BACKGROUND

¶ 2 In 2002, upon the death of his mother, Terry inherited one share of stock in Wilkinson. While trying to negotiate a buyout of his share, Terry learned that Wilkinson's original articles of incorporation, dated 1927, limited the company's duration to fifty years, that is, until 1977. As a result, Terry filed a complaint with the Division of Corporations (the Division) in an attempt to force Wilkinson to wind up its business. The Division, however, after noting that Wilkinson had continued to regularly receive and file annual reports after the fifty years had passed, resolved the matter by inviting Wilkinson to submit an amendment to its articles of incorporation to change the company's duration to perpetual. After an objection by Terry, the

Division accepted and filed the amendment Wilkinson had submitted.

¶ 3 Terry then filed an action against Wilkinson, asking the trial court to declare that Wilkinson's existence ceased in 1977, that the amendment allowed by the Division was of no effect, and that Wilkinson must "wind up its affairs in accordance with current statutory provisions." The trial court resolved the matter on cross-motions for summary judgment, deciding in favor of Wilkinson. The court considered the fact that the Division had issued a "Certificate of Existence" stating that Wilkinson was currently a corporation in good standing. The court then noted that under the Utah Revised Business Corporation Act (the revised act), "this determination is 'conclusive evidence' as to the corporation's legal standing." (Quoting Utah Code Ann. § 16–10a–128(3) (2005).) The court then concluded that because Terry clearly had notice of the Division's determination yet failed to appeal the decision administratively, he failed to exhaust his administrative remedies and the court was therefore without jurisdiction to consider the matter.[1] Terry now appeals, arguing that he need not have exhausted his administrative remedies under the facts of this case.

## ISSUE AND STANDARD OF REVIEW

■ ¶ 4 Terry argues that the trial court erred by applying the revised act as opposed to the prior Utah Business Corporation Act (the repealed act) that was in existence when Wilkinson's charter expired in 1977. He acknowledges that the revised act gives the Division "initial, conclusive authority to determine corporate status." But he argues that the revised act is inapplicable here because Wilkinson's charter expired and dissolution occurred long before the revised act's 1992 enactment date. "Whether a trial court correctly determined which version of a law applies is a legal conclusion that we review for correctness, according no deference to

---

1. The trial court also gave a second ground for its decision, ruling that even if the court had jurisdiction, the doctrine of laches was applicable and prevented Terry from bringing a claim after his unreasonable delay. *See generally Papanikolas Bros. Enters. v. Sugarhouse Shopping*

the trial court." *Wilde v. Wilde,* 969 P.2d 438, 442 (Utah Ct.App.1998).

## ANALYSIS

■ ¶ 5 By its own terms, the revised act is applicable to "all domestic corporations in existence on July 1, 1992." Utah Code Ann. § 16–10a–1701 (2005). Terry argues that because Wilkinson's charter expired in 1977, it suffered a dissolution and "'corporate death'" at that point and was no longer in existence, which would make the revised act inapplicable here. This is a correct interpretation under common law, for "it is established without exception that at common law, upon dissolution, a corporation ceases to exist for all purposes." *United States v. United States Vanadium Corp.,* 230 F.2d 646, 648 (10th Cir.1956). However, "[i]t is equally well established that such common law status relating to dissolved corporations has been modified and changed by statute in the various states." *Id.* Thus, "in determining whether upon dissolution the life of a corporation comes to an end for all purposes or whether it remains in a state of suspended animation so to speak ..., [courts] look to the state law and its construction by the state courts." *Id.*

¶ 6 Looking to our state law—the repealed act, under which Terry argues we must determine this case—dissolution was not synonymous with nonexistence. Instead, the repealed act instructed:

> Notwithstanding the dissolution of a corporation ... by expiration of its period of duration, *the corporate existence of such corporation shall nevertheless continue* for the purpose of winding up its affairs in respect to any property and assets which have not been distributed or otherwise disposed of prior to such dissolution, and to effect such purpose such corporation may sell or otherwise dispose of such property and assets, sue and be sued, contract, and exercise all other incidental and necessary powers.

*Ctr. Assocs.,* 535 P.2d 1256, 1260 (Utah 1975) (discussing laches as a bar). Because we affirm the court's decision regarding the jurisdictional issue, we need not reach this alternative basis for decision.

Utah Code Ann. § 16–10–101 (1973) (repealed 1992) (emphasis added). Although other states may statutorily limit the time allowed for winding up to a specific number of years, the Utah statute has no such limitation. And we are not aware of, nor does Terry point to, any case law that would suggest that the time frame for winding up is otherwise restricted to a specific time period. Thus, although a corporation's existence after the expiration of its period of duration was for limited purposes, the plain language of the repealed act provided that the corporation did still exist.[2] *See id.; accord Peñasquitos, Inc. v. Superior Court,* 53 Cal.3d 1180, 283 Cal.Rptr. 135, 812 P.2d 154, 160 (1991) ("[A] corporation's dissolution is best understood not as its death, but merely as its retirement from active business."); *Mesler v. Director of Revenue,* 983 S.W.2d 605, 608 (Mo.Ct.App.1999) ("Upon dissolution, a corporation continues its existence, but generally may not carry on any business except that appropriate to wind up and liquidate its business."); *Baker v. Rushing,* 104 N.C.App. 240, 409 S.E.2d 108, 114 (1991) ("[D]issolution does not terminate the corporation's existence; a dissolved corporation continues in existence indefinitely.").

¶ 7 Wilkinson's initial period of duration ended in 1977 and, arguably, a dissolution automatically occurred at that time. All those involved with Wilkinson from that point forward, however, including the Division, were apparently unaware of the expiration and continued to treat the company as if it were of perpetual duration. Thus, it is clear that the winding-up process was never even initiated, let alone completed. Indeed, winding up is the very action that Terry attempts to compel through bringing this case. Ac-

cordingly, because Wilkinson's existence continues through the winding-up period, Wilkinson has had at least some existence since its dissolution in 1977, including in 1992 when the revised act became effective. The trial court therefore did not err in applying the revised act to this case.

■ ¶ 8 Under the revised act, the Division had the authority to issue the certificate of existence to Wilkinson, *see* Utah Code Ann. § 16–10a–128 (2005), and, thus, the authority to determine if Wilkinson was currently in existence, *see id.* § 16–10a–104 ("The [D]ivision has the power reasonably necessary to perform the duties required of the [D]ivision under this chapter."). The revised act also permits Wilkinson to amend its articles of incorporation "at any time." *Id.* § 16–10a–1001(1). The Division accepted such amendment and determined that Wilkinson was a corporation in good standing, and the trial court may only review such actions after the complaining party has exhausted its administrative remedies. *See* Utah Code Ann. § 63–46b–14(2) (2004). Thus, the trial court was unable to exercise jurisdiction because Terry had not exhausted his administrative remedies.[3]

## CONCLUSION

¶ 9 Wilkinson had some form of existence when the revised act became effective, and thus, the trial court was correct in looking to that law in its determination that it lacked jurisdiction based on Terry's failure to exhaust administrative remedies. We therefore affirm.

---

2. The term "existence" in the revised act has also been interpreted broadly, and we have previously determined that the term encompasses those corporations that have been administratively dissolved. *See Express Recovery Servs. v. Rice,* 2005 UT App 495, ¶ 5, 125 P.3d 108 (mem.) ("[B]y the very terms of the statute, an administratively dissolved corporation remains in 'existence'.... While the corporation's officers may not be shielded from liability for some business conducted after an administrative dissolution, that fact does not necessarily mean that the corporation has ceased its existence or discontinued its business." (citation omitted)).

3. At oral argument, Terry suggested that exhaustion of administrative remedies was not necessary in this case because this is a declaratory judgment action. We do not analyze this issue because it was not argued in Terry's briefs but was addressed for the first time at oral argument. *See Maack v. Resource Design & Constr., Inc.,* 875 P.2d 570, 575 n. 3 (Utah Ct.App.1994) ("It is ... well settled that this court need not address issues that a party has not briefed."); *see also* Utah R.App. P. 24(a)(9) (requiring the appellant's brief to contain both citation to authority and reasoned analysis based on such authority for each of the issues presented).

¶ 10 WE CONCUR: RUSSELL W. BENCH, Presiding Judge and CAROLYN B. McHUGH, Judge.