2008 UT App 17

**Alan D. ARNOLD, Petitioner and Appellant,**

v.

**Kara H. ARNOLD, Respondent and Appellee.**

**No. 20060862–CA.**

Court of Appeals of Utah.

Jan. 17, 2008.

Rehearing Denied Feb. 26, 2008.

Alan D. Arnold, Riverdale, Appellant Pro Se.

C. Richard Henriksen Jr. and Robert M. Henriksen, Salt Lake City, for Appellee.

Before THORNE, Associate P.J., DAVIS and ORME, JJ.

## OPINION

THORNE, Associate Presiding Judge:

¶ 1 Alan D. Arnold (Petitioner) appeals from the district court's order denying his petition to modify a decree of divorce and awarding attorney fees to Kara H. Arnold (Respondent). We affirm the district court's denial of the petition to modify, but reverse the award of attorney fees and remand that issue to the district court for further proceedings.

## BACKGROUND

¶ 2 Petitioner and Respondent married in 1988, had one child, A.A., in 1996, and divorced in 1998. The parties' decree of divorce awarded no child support to either party due to their joint custody of A.A. and their equal incomes. Petitioner remarried and had a second child in 2001.

¶ 3 In 2003, Respondent filed a petition to modify the parties' divorce decree. The parties mediated Respondent's motion, resulting in a signed agreement that the district court adopted in February 2004. Under the agreement, Petitioner was to pay Respondent $712 per month in child support, based on monthly incomes of $16,700 for Petitioner and $2000 for Respondent. Petitioner also agreed to pay for half of the cost of sending A.A. to private school, $164 per month as of the time of mediation. The parties continued to have disputes over the issues addressed in the agreement.

¶ 4 In April 2005, Petitioner filed his own petition to modify the decree of divorce, seeking a reduction in child support, termination of his obligation to share the costs of A.A.'s private school tuition, and other relief. The primary ground for the petition was an alleged reduction in Petitioner's income. The district court denied the petition, concluding that Petitioner had failed to meet his burden of proof on all issues. Specifically, the district court found that Petitioner's earning capacity had not changed and that Petitioner was voluntarily underemployed. The district court also awarded attorney fees to Respondent in the amount of $17,700. Petitioner appeals.

## ISSUES AND STANDARDS OF REVIEW

¶ 5 Petitioner challenges the district court's findings regarding the parties' in-

comes, the finding that he is voluntarily underemployed, the continuation of his obligation to pay half of A.A.'s private school tuition, and the award of attorney fees to Respondent. We review the district court's " '[factual] findings for clear error and its conclusions of law for correctness, affording the court some discretion in applying the law to the facts.' " *Olsen v. Olsen*, 2007 UT App 296, ¶ 7, 169 P.3d 765 (quoting *E.B. v. State*, 2002 UT App 270, ¶ 11, 53 P.3d 963).

## ANALYSIS

■ ¶ 6 Petitioner's first group of arguments challenges the district court's factual findings regarding the parties' incomes. Specifically, Petitioner argues that the district court erred in finding that Petitioner's earning capacity had not diminished, Respondent had not misrepresented her income, and Petitioner was voluntarily underemployed. Petitioner fails to demonstrate that any of these findings represent clear error on the part of the district court, and we accordingly affirm the district court's findings. *See id.* (stating that we review factual findings for clear error).

¶ 7 The district court's findings that Petitioner is voluntarily underemployed and that his earning capacity has not diminished are amply supported by the record. Petitioner claimed a monthly income of $3500, but his tax returns from 1998 to 2005 demonstrated a monthly earning capacity ranging from roughly $8000 to $20,000. Petitioner also made bank deposits exceeding $225,000 in 2004, and nearly $175,000 from April to July 2005. In light of these figures, the district court found Petitioner's claimed income of $3500 a month to be inaccurate and not credible. The district court also noted that any actual decrease in Petitioner's income resulted from his voluntary return to school, a circumstance that will not ordinarily justify a reduction in child support. *See Hill v. Hill*, 869 P.2d 963, 965 (Utah Ct.App.1994) (affirming imputation of income where parent left existing career to pursue further education).

¶ 8 There was also evidence below that Petitioner had considered relocating to Chicago, Illinois, for a well-paying job, but decided not to do so. In apparent reference to this evidence, the district court's order stated that it had "considered the possibility of [Petitioner] being required to move elsewhere in reaching the conclusion of voluntary underemployment." Contrary to Petitioner's suggestion, the district court did not require Petitioner "to apply for employment which would require him to move out of state," and we decline to address any alleged error in this regard.

¶ 9 The district court also found that Respondent did not misrepresent her income either at the mediation or during the subsequent enforcement proceeding. Petitioner concedes on appeal that the district court heard no evidence [1] suggesting that Respondent had misrepresented her income. Thus, there is no basis upon which the district court could have found that Respondent had misrepresented her income, and no basis for this court to declare the finding below clearly erroneous.

■ ¶ 10 Petitioner next argues that the district court erred in continuing his obligation to share in paying A.A.'s private school expenses. Petitioner cites to prior Utah cases for the proposition that it is not appropriate for a district court to award private school expenses in addition to child support. *See Brooks v. Brooks*, 881 P.2d 955, 959 n. 3 (Utah Ct.App.1994) (treating private school expenses as "part and parcel of the child support award"); *see also Starley v. McDowell*, 1999 UT App 46U, para. 10, 1999 WL 33244801 (mem.) (affirming child support order that did not require noncustodial parent to pay half of private school tuition). While Petitioner may correctly state the general rule, he fails to acknowledge that the district court's order in this case merely enforced the agreement of the parties. Petitioner provides no authority to suggest that the district court should not enforce agreements between parties on such issues as

_____

1. The district court apparently conducted an in camera review of certain evidence pertaining to this issue and did not release that evidence to Petitioner. Petitioner raises no challenge to the district court's discovery rulings.

private school expenses,[2] and we decline to adopt such a rule.

¶ 11 Finally, Petitioner argues that the district court failed to make adequate findings to support its award of attorney fees to Respondent. " 'Both the decision to award attorney fees and the amount of such fees are within the trial court's sound discretion.' " *Oliekan v. Oliekan*, 2006 UT App 405, ¶ 30, 147 P.3d 464 (quoting *Wilde v. Wilde*, 969 P.2d 438, 444 (Utah Ct.App. 1998)). However, a district court exceeds its permitted discretion when it fails to make findings establishing an adequate and reviewable basis for its fee award. *See id.*

¶ 12 Here, Petitioner is correct in arguing that the district court failed to make findings pertaining to Respondent's ability to pay her own attorney fees, a necessary consideration for the award of fees in a domestic case. *See id.* (stating that attorney fee awards must be based on evidence of the financial need of the receiving spouse, the ability of the other spouse to pay, and the reasonableness of the requested fees). Accordingly, we reverse the district court's award of attorney fees and remand the mat-

ter for further consideration of that issue. Any fee award ultimately ordered by the district court must be accompanied by findings sufficient to support that award.[3]

## CONCLUSION

¶ 13 Petitioner has identified no error in the district court's denial of his petition to modify the parties' decree of divorce. Accordingly, we affirm the district court's denial order. We do, however, reverse the district court's award of attorney fees to Respondent and remand the issue to the district court for further proceedings, including the possible reentry of the award with adequate supporting findings.

¶ 14 WE CONCUR: JAMES Z. DAVIS and GREGORY K. ORME, Judges.

---

2. *Starley v. McDowell*, 1999 UT App 46U (mem.), cited by Petitioner in support of his argument, actually suggests that requiring the shared payment of agreed-upon private school expenses is well within the discretion of the district court. *See id.* para. 9 (citing *Hill v. Hill*, 841 P.2d 722, 724 (Utah Ct.App.1992)).

3. We note that the district court's order also stated that Petitioner's claims had no merit, and that Petitioner filed an unusual number of pleadings and "creat[ed] some unusual problems requiring more than a normal amount of counsel's time and effort." This language suggests to us that perhaps there was some intent to use attorney fees as a sanction in this case. The district court may certainly use attorney fees as a sanction in appropriate circumstances, *see* Utah R. Civ. P. 11, but if it does so, the court must follow the appropriate procedures and make findings adequate to support the fee award. *See id.; Butler, Crockett, & Walsh Dev. Corp. v. Pinecrest Pipeline Operating Co.*, 909 P.2d 225, 231 (Utah 1995).